Nott, Ch. J.,
delivered the opinion of the court:
It must be conceded that the proceedings of the consular officer, as detailed in the findings in this case, were arbitrary and illegal. It must also be conceded that the claimants have exhausted their legal remedy against the 'wrongdoer and have recovered nothing for the wrongs and injuries that were done to them. On these facts the primary question arises whether the Government — whether any government — can- be held liable.
The established principle is that a government is not responsible for the tortious acts of its officers generalty: and it is manifest that in order to create anj^ such liability there must have been either authorization or ratification. (Buron v. Denman, 2 Exch., R., 167.)
In this case there was neither. Whether a Secretary of State can by his words or his silence so authorize the acts of a consular officer as to create a liability on the part of the Government is a question which the court need not consider. The letter written by the consular officer to the Secretary of State, set forth in the findings, and the nonresponse of the Secretary, while it may show very lax administration on the part of the State Department, incompatible with good government and an honest administration in the consular office, falls very far short of establishing an implied sanction for the wrongs and abuses which the consular officer subsequently perpetrated.
As to ratification, the payment into the Treasuiy of a small portion of the money wrung from the deceased claimants by the consular officer on the final settlement of his accounts can not be regarded as a ratification by a responsible branch of the Government. The utmost that could be claimed from it would be that the injured party was entitled to the money; and that right has been recognized by the payment of the money to the deceased claimants.
The question then comes down to the special act conferring jurisdiction upon the court (Act 6th February, 1903, 32 Stat. L., 1065).
*171 This statute refers the claim to the court and confers jurisdiction “to hear and determine the question of the liability of the United States.” But the important and controlling clause is:
4 ‘And in the event the said court shall be of the opinion that the United States are justly liable, under all the circumstances of the said case, for the losses and damages sustained by the said decedents by reason of the acts of their officers in the premises, the said court shall render judgment-in favor of the claimants.”
If by this provision it is intended that the court shall judge the case according to the principles of law or equity which guide and govern courts, it must be held that the United States are not liable. Thej'’ neither authorized the acts complained of, nor ratified them, nor adopted them, nor received a benefit from them. If by the provision it is intended that the court shall pass upon the ethical question whether the United States should assume responsibility for the acts of one of their officers in a distant region of the earth of a most flagitious character, whereby citizens of the United States suffered great wrongs and injuries, it must be answered that courts are not established to determine ethical questions, and that such a question as this case presents is not one for judicial determination, but for the exercise of legislative discretion.
There have been repeated cases in this court where special acts conferring jurisdiction have used the words “just and equitable,” or some such equivalent — cases in which it has been contended that the court could go beyond the confines of the legal and the equitable and do what seemed to it j ust and right. Such contentions have never succeeded. In this case the language of the statute is broader than that of any other statute of like character; but where the intent of a statute is that a court shall render between litigants a final judicial judgment at law, or decree in equity, no breadth of language can enable a court to do so except by judicial methods and pursuant to established principles of law or equity. Be the language of a statute what it may, the plaintiff who can not recover according to law can not attain the final, unquestionable legal right of a judicial judgment.
*172 The case of Cumming (22 C. Cls. R., 345; 130 U. S., 452) was adverted to on the argument; and it is true that there this court rendered judgment in favor of the claimant. But in that case the officers of the United States had not been guilty of a criminal or malicious intent, or even of a personally tortious act. The injury to the claimant had been caused by the superzealousness of internal-revenue officers exercised on behalf of the Government, and as they supposed, in furtherance of its interests. The Government reaped, or might have reaped, a benefit from their zeal. It was a case where the act of the servant was in the business of the master — a case where a master would have been liable for the act of the servant, provided always that the master was not the National Government. Congress have sometimes — as in cases of marine tort — waived the principle that the Government is not liable for the tort or negligence of its officers, and have retroactively placed upon the Government the same responsibility which rests upon every city and town and municipality aud body corporate and shipowner and individual in the country. But such statutes merely waive a special governmental defense; and merely enable the injured party to prosecute his case against the Government as he would prosecute it against any other defendant; and they still leave it incumbent upon him to proceed by legal methods and means, and incumbent upon the court to be guided and limited by established principles of law.
The judgment of the court is that the petition be dismissed.