Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court:
Thierman & Frost, the claimants, bring their action in this court by virtue of a special act of Congress of June J, 1902, as follows:
“AN ACT For the relief of Thierman and Frost.
“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That jurisdiction is hereby given the Court of Claims, any statute of limitations to the contrary notwithstanding, to hear, try, and determine the claim of Henry Thierman and White Frost, late partners doing business under the firm name and style of Thierman and Frost, by reason of the alleged unlawful seizure and sale by the revenue officers of the United States of the distillery property of the said Thierman and Frost in Concordia, in the State of Kentucky; and the said court shall have full power to determine whether said property was unlawfully seized and sold; and if the same were unlawfully seized or sold, then the said court shall try and determine whether, under the then existing laws of the United States, the said Thierman and Frost sustained any damages by reason thereof, and whether the Government is or was liable under such laws for the damages sustained, limiting such damages to the reasonable value of the property seized and sold at the time of such seizure and sale; said case to be tried and determined under the laws, rules, and regulations governing proceedings in said court and upon such evidence as is legally admissible under the ordinary laws and rules of evidence as pursued in the practice of said court, hereby reserving to the Government the right to interpose any defense, whether legal or equitable, that it may have to said cause of action, except only the defenses based on the jurisdiction of the court and the statute of limitations: Provided, however, That said action shall be commenced within six months after this' act shall go into effect: And provided further, That in said action the said court shall try and determine the question, notwithstanding any adjudication that may heretofore have been had, whether at the time of said seizure and sale there was any special tax due or owing by the said'Thierman and Frost to the Government of the United States pertaining to said distillery or growing out of the operation of the same or on the output or product thereof; and if any such tax was then due or owing to the Government of the United States the said *40 court shall determine the amount thereof and apply the same as a set-off to any amount that may be found to have been due the said Thierman and Frost as damages sustained by them by reason of the wrongful seizure and sale of said distillery property, and shall only enter a judgment in favor of the said Thierman and Frost for such balance, if any, as may be found to be due after applying as an offset any tax as aforesaid that may be found to be due without awarding any interest to either party: And provided further, That either party to such action shall have the right of appeal to the Supreme Court of the United States under the rules, laws, and regulations governing appeals in other cases from the Court of Claims.”
The distillery premises claimed by the claimants were seized and sold under a distress warrant by the collector of internal revenue for the fourth Kentucky district.
If we assume, though it is not shown, that claimants acquired title to the distillery premises (17 Cyc., 1288) in addition to the two lots of land for which they paid $150, yet, in the view we take of the case and the act by which it comes to this court, it is immaterial whether the seizure and sale were lawful or not, because in either event the said act does not create a liability against the United States in favor of the claimants.
The special act of June 7, 1902, 32 Stat. L., 1443, under which the action is brought, directs that if claimants’ propei'ty was “ unlawfully seized or sold ” this court “ shall try and determine whether under the then existing law's of the United States the said Thierxnan & Frost sustained any damages by reason thereof, and whether the Government is and was liable wnder such laws for the damages sustained * * The case is required to be “ tried and determined under the laws, rules, and regulations governing proceedings ” ixx this court and upon the evidence legally admissible, * * * “ hereby reserving to the Government the right to interpose any defense, whether legal or equitable, that it may have to said, cause of action, except only the defenses based on the jurisdiction of the court and the statxxte of limitations.”
The United States can not be sued without their consent, and, as said in' Price’s case, 174 U. S., 373, 375, “its liability in sxxit can not be extended beyond the plain language *41 of the statute authorizing it * * *. Beyond the letter of such consent the court may not go, no matter how beneficial they may deem or in fact might be their possession of a larger jurisdiction over the liability of the Government.” Russell v. United States, 182 U. S., 516, 530; Schillinger v. United States, 155 U. S., 163.
The jurisdiction to hear and determine actions “ for damages sounding in tort” is not granted to this court by the general statute conferring jurisdiction in cases against the United States (Judicial Code, sec. 145). On the contrary, the grant of jurisdiction is to hear and determine claims for damages, liquidated or unliquidated, “ not sounding in tort.” There have, however, been cases where Congress has by special acts authorized the court to adjudicate claims for damages sounding in tort, as, for example Waltons case, 24 C. Cls., 372; St. Louis & Mississippi Valley Co. case, 33 C. Cls., 264; and where the special act clearly confers purisdiction the court has proceeded to the adjudication under the terms of the special act.
We may therefore concede that the act conferring jurisdiction in this case authorizes the hearing of the claim though it sounds in tort; but the court is left to determine the question whether the Government is and was liable for the alleged wrongs, and expressly reserves to the Government “ the right to interpose any defense,” saving only that of jurisdiction and the statute of limitations. Under “ the then existing laws” the United States was or is not liable for the tortious acts of its agents or officers. Thus in Gibbons v. United States, 8 Wall., 369, it was held that the Government was not liable on an implied assumpsit for the torts of its officers committed while in its service and apparently for its benefit, Whiteside's case, 93 U. S., 247, 257; Langford's case, 101 U. S., 341; Lee's case, 106 U. S., 196, 241; Cumming's case, 130 U. S., 452. In the last-named case there was a special act conferring jurisdiction on this court to “ pass upon the law and facts ” as to the Government’s liability for the acts of its officers “ by reason of the seizure, detention, and closing up of the commission houses and bonded warehouses of claimants by a collector of in *42 ternal revenue. The Supreme Court, speaking through Mr. Justice Harlan, said:
“ Did it [Congress] invest the Court of Claims with jurisdiction to render a judgment against the United States upon its appearing that the revenue officers transcended the authority conferred upon them by law, or had exercised their authority in such a manner as made them personally liable in damages to the plaintiffs? There would be some ground for an affirmative answer to these questions if the statute had not required the court to pass upon both ‘ the law and the facts ’ as to the liability of the United States. If the facts disclosed a case of unauthorized wrongs done to the plaintiffs by the revenue officers of the United States, the question, by the very terms of the act, would still remain whether the United States were liable in law for such damages as the plaintiffs had sustained. There would seem to be no escape from the conclusion that Congress intended that the liability of the Government should be determined by the settled principles of law. The only right waived by the Government was a defense based upon the statute of limitations.”
The act before us saves all defenses, except as stated, and does not express a purpose of Congress that the United States shall be made responsible for the seizure of said distillery plant if it was not lawfully seized, unless under the then existing law they were liable.
“ It is as if the plaintiffs asserted before Congress the liability in law of the Government for the damages they sustained and Congress permitted them to invoke the jurisdiction of the Court of Claims in order that there might be a judicial determination of the question by that tribunal with the right of appeal.” Cumming’s case, 180 U. S., 455.
And we may therefore conclude with the apposite language of said case (p. 455):
“According to this construction of the act the plaintiffs were not entitled to judgment against the United States in any sum, for if the collector * * * and other revenue officers did nothing more than the law authorized them to do, neither they nor the Government would be liable in damages; while if they acted illegally they would be personally liable in damages, not the Government.” See Oakes’s case, 174 U. S., 778, 785.
For the reasons given, the petition should be dismissed, and it is so ordered.