No. 9245.

## EDWARD IRWIN vs. GREAT SOUTHERN TELEPHONE COMPANY.

The State and municipal corporations duly authorized, can, in the exercise of the rights of eminent domain and of police, empower telephonic companies to use the streets and sidewalks of a city, for the purpose of erecting poles and other works necessary for the transmission of intelligence, and can impose terms and conditions for the enjoyment of the privilege

Abutting owners in front of whose premises such poles have been erected, with such authority and after compliance with all conditions imposed for the benefit of the public, have no occasion to ask the removal of the same, when the poles do not specially and

materially obstruct them in the free use of their property, or invade some vested right, and do not inflict on them some injury which is not common to all other persons.

Such owners have no *fee* in the sidewalk, or street, in this State, and have no right to claim previous just compensation.

Poles erected under such circumstances are not such nuisances as such owners can successfully ask to have abated.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*T. Gilmore & Sons* and *Singleton, Browne & Choate* for Plaintiff and Appellant.

*Bayne & Denegre* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This suit is brought for the removal of a pole, erected at the inner angle of the sidewalk, forming the corner of two of the principal streets of this city.

The defense is, the general issue and an averment that the post was constructed, with State and municipal authority, for the purpose of supporting the wires used and necessary for the transmission of messages.

The plaintiff appeals from a judgment in favor of the defendant.

The power of the State and of municipal corporations, over public or common property, to regulate the use of it, for purposes of public utility, is no longer a mooted question, where no constitutional rights are infringed.

It is well defined to be the rightful authority which exists in every sovereignty to control and regulate those rights of a public nature which pertain to its citizens in common, and to appropriate individual property for the public benefit, as the public safety, necessity, convenience or welfare may demand. Cooley Const. Lim., p. 652, sec. 524; 661, sec. 531; 676, sec. 542; Angell on Highways, sec. 237.

In his remarkable work on municipal corporations, while dealing with this subject, Judge Dillon says:

The legislature of the State represents the public at large and has full and paramount authority over all public ways and public places. * * * By virtue of its authority over public ways, the legislature may authorize acts to be done upon them, or legalize obstructions therein, which would otherwise be deemed nuisances. As familiar instances of this, may be mentioned the authority to railway, water, *telegraph* and gas companies to use or occupy streets or highways for their respective purposes. * * * Whatever the legislature may author-

ize to be done is of course lawful and of such acts, done pursuant to the authority given, it cannot be predicated that they are nuisances; if they were such without, they cease to be nuisances, when having the sanction of a valid statute.  *  *  *  Legislative sanction, directly given or mediately conferred, through municipal action, is necessary to authorize the use of streets for the posts of a telegraph company. If such posts be erected within the limits of a street, or highway, without such sanction, they are nuisances, but if the erection be thus authorized, they are not.  V. Dillon Mun. Corp. secs. 657-7, 698, 3d ed., and authorities referred.

Citizens have, nevertheless, the right to complain of nuisances; but this can successfully do, only where the effects are not common to every person, but produce by the invasion of some vested right, a special or particular damage to them, as distinguished from the rest of the public. 3 Ann. 648, 1062; 36 Ann. 163; Wood on Nuisances, 472, 641, 792. Dillon on Mun. Corp. 379, 698, 3d ed.; 17 Rep. 1884, p. 306; 18 Rep. 727.

For injuries that are consequential, i. e., the results of acts done within the slope of the power granted, arising from a proper exercise of the same and which can in no sense amount to an actual taking of property or divestiture of acquired right, no remedy can, however, be had.  Wood on Nuisances, sec. 757, p. 798; sec. 754, p. 796; sec. 655, p. 681.

In the present instance the plaintiff would be entitled to complain if the post had been erected without authority and if the free use and enjoyment of his premises had been materially obstructed, or his property had been taken or damaged without just compensation.

In locating posts of this description, parties entitled to do so, should exercise their right so as to incommode or inconvenience, the least possible, those in front of whose property the poles are to be put.  It is nothing but just, that they be held to a strict observance of this duty.

The only question, therefore, which arises in this case, is simply *whether* the post was erected with proper authority and with due observance of the conditions under which the same was granted.

It clearly appears from the act or statute, invoked by the defendant, (No. 124 of 1880) amending sec. 696, R. S., p. 168, that the right was conceded by the legislature to *domestic* corporations legally created, to erect poles, abutments and other works necessary for the operating and maintaining of their lines, for the purpose of transmitting intelligence by magnetic telegraph, or telephone, or other system, along all State, parish or public roads and waters; and also *along the streets of any city* with the consent of the council, or trustees thereof.

The act provides as conditions that the authorized construction shall not prove an obstruction and that compensation shall be made.

The language used by the lawgiver certainly lacks clearness and precision, but it evidently can mean and means only that the allowed work or construction shall not materially obstruct the necessary use of property, and, that compensation shall be made when private estate, in commerce, susceptible of sale and purchase, whether it belongs to the State or to individuals, or juridical persons, is taken for the purpose of executing the work or construction and of enjoying its use.

The record shows that, in furtherance of the special authority delegated by this act of 1880, municipal permission or sanction was procured from the city of New Orleans, by the exchange company which is owned, operated and represented by the defendant, and fails to establish that it was ever abrogated, or has ceased to have any further effect.

Ordinance 4906, Administration Series, which was the first passed, does not appear to have been interfered with by ordinances 519 and 547, Council Series, subsequently adopted, so as to deprive the company of the previously conceded privilege of erecting poles for its telephonic purposes. If, by those ordinances, the city has imposed conditions for her own benefit, which the defendant is bound to observe and has disregarded, the city and not the plaintiff, can alone be heard to complain.

The obnoxious object is represented as a huge and unsightly post, erected by the defendant on plaintiff's property, whereby his gallery and its supports are injured and complete access and view to and from his premises prevented and a permanent nuisance established.

The evidence fails to show that the erection of the pole, which was put up under the direction of the City Surveyor, obstructs the free ingress and egress, or the view to and from plaintiff's premises, or has caused him, or even any other citizen, any direct or positive injury, or real damage which is special to either, or which is not common to every person, or that it is in some way unbearable.

It cannot be urged as a serious ground of complaint, that the pole is an obstruction, because it prevents one from leaping from the corner of the sidewalk, across the gutter upon the bridge, through the particular spot on which the port was erected. This is an imaginary inconvenience.

It was pressed, besides, that this corner is sometimes so overcrowded that pedestrians in order to make their way, have to pass or go through

Irwin vs. Telephone Company.

plaintiff's store. This obstruction to circulation surely was not the post but the crowd. The latter and not the former then should be removed as the impediment.

The evidence shows that the pole was erected in conformity with the requirements in the municipal ordinance in this: That the wires have been laid at such height between 10 and 15 feet, from the top of the gallery in front of plaintiff's property, as not in the least, to obstruct the application and free use of ladders in case of conflagration either in reaching the top of the veranda, or resting another ladder, on that top.

But, even if the plaintiff or pedestrians are put to some little inconvenience, it is such as is unavoidable and must be endured. It is *damnum absque injuria.*

The authorities relied upon by the plaintiff to bear out a claim for compensation, can receive no application in this State, in which abutting proprietors are not recognized as having a fee in the sidewalks or streets in front of their estates, which are considered as public property, R. C. C. 454, 458, belonging to all in common, over which the State and political organizations deriving their existence and powers from her, have all the control, the exercise of which, the organic law does not forbid. The power thus exercised, is not one of expropriation, but, of appropriation, or of regulation of the use of such public property.

In the present controversy, we are satisfied that the erection of the telephone pole complained of, was accomplished with anterior proper authority, after compliance with all conditions precedent imposed by the State and the city, with as little inconvenience as possible to the plaintiff and to the public; that if such construction and the use of the pole be an actual nuisance, at all, it is such as does not materially interfere with the comfortable enjoyment of plaintiff's property and as causes little or no harm or injury to any one, which is easily bearable and which has to be endured in view of the great public service which the use of it renders, and that nothing shows that the defendant has transgressed the authority granted, or ill used, or misused, or abused the same so as to justify any plausible complaint.

The judgment of the lower court was correctly rendered in favor of the defendant.

It is affirmed with costs.

Rehearing refused.

DISSENTING OPINION.

MANNING J. The streets of this City do not belong to the corporation· They are the property of the public and the public has the right to the use of them. A permanent obstruction interferes with such use and to a certain extent prevents it. A railed track for a tramway is permanent but the car that passes over it is in no spot more than a moment. This post is fixed for good and all. Private property may under certain conditions be taken for public use, but, public property cannot be taken for private use. The telephone company is a private person seeking its own personal gain. Neither the City Council nor the State legislature can give the property of an individual to a telephone company nor impair its enjoyment by obstructing access to it. I think the plaintiff should have judgment.