No.——

First Circuit

KILBERG v. LOUISIANA HIGHWAY COMMISSION

(April 11, 1928. Opinion and Decree.)

(Syllabus by the Editor.)

1. Louisiana Digest—Louisiana—Par. 51, 53; Refer to Municipalities—Par. 251.

Under Art. III, Section 35, of the Constitution the State may only be sued with its permission. Therefore, the Louisiana Highway Commission can not be sued for damages due to a fault of its agent acting within the scope of his governmental powers.

Appeal from the Parish of East Baton Rouge. Hon. George K. Favrot, Judge.

Action by Oscar Kilberg against Louisiana Highway Commission.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed maintaining exception no cause of action.

Peterman, Dear and Peterman, of Alexandria, attorneys for plaintiff, appellant.

W. M. Barrow, of Baton Rouge, and Percy Saint, Attorney General, of New Orleans, attorneys for defendant, appellee.

LECHE, J. The question involved in this case is whether the Louisiana Highway Commission may be sued for damages ex delicto. The District Court held that it could not, and for that reason the Court maintained an exception of no cause of action and rejected plaintiff's demand. From such judgment the plaintiff has appealed.

Oscar Kilberg, the plaintiff, charges in substance that he was driving an automobile in the night time in the Parish of La Salle, upon the public highway constructed and maintained by the Louisiana Highway Commission, when his automobile plunged into a ravine that extended half way across said highway. That there was no warning light or signal of any kind to protect him from this dangerous situation, although such danger was well known to the said Louisiana Highway Commission, its agents and employees. That as a result of said accident he suffered great and permanent personal injuries from which he charges that he was damaged in the sum of Twenty-five thousand dollars. He sets out in detail acts and omissions, which, he avers, constitute fault and wanton negligence on the part of said Highway Commission, and prays for judgment accordingly.

The State of Louisiana, acting through the Attorney General, intervened in the suit, and filed jointly with the defendant Highway Commission, an exception of no cause of action.

The question then to be decided by the Court on this appeal is, as previously stated, whether, accepting all the facts alleged in his petition as true, plaintiff has a cause of action for damages ex delicto, against the Louisiana Highway Commission.

Defendant in brief contends that it is a State agency, created for the purpose of constructing and maintaining the public highways, that it exercises governmental functions on behalf of and as mandatory of the Sovereign, that it may not be sued for such cause of action without special permission of the State.

The Constitution, Article VI, Section 19, ordains that the Legislature shall provide for the establishment and maintenance of a system of highways in this State, and shall also provide for a general highway fund for that purpose. The Legislature, in obedience to this mandate, by Act 95 of the extra session of 1921, created the Louisiana Highway Commission, defined its powers and provided for raising revenues with which said Commission could carry out the purposes of its existence, so that there is no doubt that the Louisiana Highway Commission is a State agency, and that in the construction and maintenance of highways it exercises governmental functions.

Plaintiff, however, relies for authority to institute this suit, on the clause in the Act creating the Commission whereby said Commission is declared to be a body corporate and that as such, it may sue or be sued in any court of justice; but the statute is silent as to the nature of the causes of action upon which the Commission may sue or be sued. The quoted clause in the Act must be read in connection with the fundamental constitutional principle that the State may only be sued with its permission (Sec. 35, Art. III), and where a State agency is acting within the scope of its governmental functions, it represents the State and as such, it may not be sued except with the permission of the State.

It is evident from other provisions in the Act that the clause subjecting the Commission to the liability to be sued does not confer upon a complainant a right of action whereby the Commission would be eventually deprived and dispossessed of the fund which is necessary for it to exercise its governmental functions and which is dedicated by the Constitution to that special purpose. To so hold would be to recognize that the usefulness of the Commission can be destroyed and the purpose of its existence frustrated through the fault

and negligence of the persons appointed to superintend the work necessary to accomplish the legal ends of its existence.

The funds under the control of the Highway Commission are specially dedicated to the construction and maintenance of highways and cannot be diverted from that purpose without express legislative sanction, and even if it were conceded that the Commission could be sued for damages ex delicto, a judgment for damages ex delicto would be worthless. Of course, courts of justice will not lend themselves to render judgments which cannot be enforced or executed.

There is no reason why we should further construe the stipulation "that the Commission is a body corporate and that as such it may sue or be sued." It is not necessary for the decision of this case for us to express any opinion as to what actions may be brought against the Commission. Such opinion would be obiter dictum. Suffice it to say that we are clearly of opinion that the Louisiana Highway Commission may not be sued for damages ex delicto, and that therefore plaintiff's petition does not disclose a cause of action.

Precedents are not wanting of cases wherein police juries, when in charge of the construction and maintenance of public roads, have been sued for damages for causes similar to that alleged in this case, but the courts have uniformly held that such damages were not recoverable. Bankins vs. Police Jury, 116 La. 639, 40 So. 925; Gaudet vs. Parish of Lafourche, 146 La. 363, 83 So. 653.

In fact no fault of an agent of the government can give cause for damages against the government when such agent is acting within the scope of his governmental powers. Jones vs. City of New Orleans, 143 La. 1073, 79 So. 865.

We believe that the judgment appealed from accords with the law and for the reasons above stated, it is affirmed.