## TOWN OF NAPOLEONVILLE v. BOUDREAUX.

### No. 1018.

Court of Appeal of Louisiana. First Circuit.
June 30, 1932.

A. L. Talbot, of Napoleonville, and Walter Lemann, of Donaldsonville, for appellant.

Simmons & Simmons, of Napoleonville, for appellee.

MOUTON, J.

Plaintiff alleges that it was organized. as a town by Act No. 71, 1878, and since its organization had exercised all the privileges of a municipal corporation, averred that defendant, Felicien Boudreaux, was engaged in erecting a shed or building on a strip of land lying between Levee street of said town and Bayou Lafourche, and which it alleges constitutes one of the banks of that stream. It is also alleged by plaintiff that it had planted hedges, trees, and flowers, and established parks on said strip of land or bank, over which since its incorporation it has exercised full control and administration.

In his answer, and before pleading to the merits, defendant filed an exception of no cause of action.

This exception had the effect of admitting that plaintiff had taken actual possession of the bank of Bayou Lafourche in the exercise of its municipal functions.

██ Although not alleged, the court will take judicial notice of the fact that Bayou Lafourche is a navigable stream.

As that stream is navigable, under article 861, Civ. Code, plaintiff corporation had a cause of action to prohibit the construction of the shed or building, or to obtain its removal if partly erected.

This right of a municipal corporation has been recognized in some of our earliest decisions. See Trustees of Natchitoches v. Coe, 3 Mart. (N. S.) 140, where a house was ordered removed from the banks of a navigable river. This doctrine was again recognized in the much later case of Louisiana Const. & Imp. Co. v. Illinois Cent. R. Co., 49 La. Ann. 527, 21 So. 891, 37 L. R. A. 661.

There is no merit in this exception.

The lower court decided the case on the merits maintaining the injunction and ordering the removal of the building.

The contention of the defendant is that he owns the land on which he is constructing this building. The record shows that he acquired a lot of ground situated in Napoleonville in February, 1931, by deed from Chas. Boudreaux Company, Limited.

This property is described in that sale as a certain lot of ground situated in Napoleonville, measuring eighty-seven feet ten inches front on Levee street, by a depth of one hundred and nine feet; bounded above by lot of Sam A. Alleman, and below by Courthouse street.

In the act of sale there is a clause in which the vendor declares that it transfers also any title or right it has or may have of the batture property situated immediately in front of said lot, but without warranty.

The deed says this property was acquired by Charles Boudreaux from Albert Kockritz in 1903, and subsequently acquired by the Charles Boudreaux Company, Limited, which the record shows is the vendor of defendant herein.

The fact is, however, that it was acquired by the Charles Boudreaux Company, the vendor of defendant, not from Charles Boudreaux, but from his widow, Mrs. Charles Boudreaux. In this sale from Mrs. Charles Boudreaux to the Chas. Boudreaux Company, the land is described as measuring eighty-seven feet ten inches front on Levee street by a depth of one hundred and nine feet, more or less, and bounded above by Sam Alleman, which is the identical description given of the land in the deed by the Chas. Boudreaux Company to defendant, but in which there is no transfer of any batture property as appears in the sale to defendant by the Chas. Boudreaux Company.

This sale by the Chas. Boudreaux Company to defendant was made by F. P. Talbot, secretary-treasurer of that company, under the authority of a resolution of that company, but in which no power or authority whatsoever was given him to also assign any rights to the batture which he undertook to transfer in the deed he executed in favor of defendant herein. It is therefore obvious that no ownership of such batture was ever acquired by defendant by virtue of his purchase from the Chas. Boudreaux Company, his vendor, if this vendor ever had any rights thereto. Nor was any batture transferred by Mrs. Chas. Boudreaux in her sale to the Chas. Boudreaux Company executed in 1909, nor in the sale of Albert Kockritz to Charles Boudreaux passed in June, 1903.

██ In the act of 1878 incorporating the town of Napoleonville, the corporation is granted the power to acquire land for the opening of streets either by purchase or expropriation. Evidently, Levee street was established by the town along the bank of Bayou Lafourche by purchase or otherwise.

A street thus established by a municipal corporation becomes public property belonging to all in common. Civ. Code, arts. 454, 458; Irwin v. Telephone Co., 37 La. Ann. 63.

This street, when thus established, was segregated from individual ownership, and became the property of all in common.

The evidence shows that it is sixty feet in width.

The title by the Chas. Boudreaux Company to defendant says that the lot transferred fronts on this Levee street, by a depth of one hundred and nine feet, more or less, and so is the lot bounded in the other sales mentioned above from which defendant derives his

muniment of title, and from which he cannot claim an assignment of any batture, as hereinabove explained.

The record shows that the one hundred and nine feet starting from this frontage on Levee street run westward from Levee street, while the bayou runs to the eastward thereof. It is therefore evident that if the vendor of defendant, or any of the authors of these vendors, ever had any claim to this supposed batture, it was cut off from any transfer by the deed to defendant and of the vendors of his vendor by the express stipulations of these titles which limited his acquisition to the western boundary of Levee street.

The sale of Chas. Boudreaux Company to defendant says that the property therein transferred is the same that was acquired by Charles Boudreaux from Albert Kockritz. The deed from Albert Kockritz to Charles Boudreaux declares that the property was acquired by Albert Kockritz from his deceased father and mother, Frank Kockritz and wife.

The contention of counsel for defendant is that this title, so acquired by inheritance by Albert Kockritz from his parents and by them through prior conveyances, shows that the land conveyed ran to Bayou Lafourche, and covers the strip or bank in question where the shed was being built by defendant.

Even if it were true that the title of the original owner ran to the edge of the bayou, and covered the strip in question, as we have heretofore remarked, by virtue of the titles to defendant and of his vendor, the lot conveyed is specifically bounded by Levee street on its west side, and the depth of the land runs therefrom westward, and in a direction opposite to the course of the bayou, which shows conclusively that no transfer of the bank where the shed was in process of construction was ever transferred as batture or otherwise.

In support of his contention that his title should be traced further back to the original author, counsel for defendant refers us to Lee v. Long, 166 La. 1084, 118 So. 320, and other decisions of similar import. In 166 La., the court says that matters referred to in the deed must be considered as descriptive of the property where it is misdescribed in the instrument itself.

In this case the titles of defendant, and that of his vendor's and of the latter's vendor, are clear-cut, specifically descriptive of the extent of the land conveyed, and suffer from no misdescription requiring the assistance of prior deeds for clarification or explanation.

The fact is that in one of the earliest deeds by sheriff's sale executed in 1860 purporting to transfer a lot of ground in Napoleonville, the land is described as follows:

"Measuring eighty seven feet and ten inches fronting on Levee Street by two hundred feet in depth, running from the Levee to Bayou Lafourche."

The lot in question does not run two hundred feet in depth from the Levee to Bayou Lafourche that we can find from its description in the various titles in the record, or from the evidence given in reference to its location.

However all of that may be, it is clearly shown by the title of defendant, and from that of the vendors from whom he derives his title, to which we have hereinabove referred, that defendant's deed does not cover the strip in question, and that he is a mere squatter on the bank of Bayou Lafourche and has no right to erect a building there, otherwise any individual might claim the same authority, thus permitting the occupancy of the banks of Bayou Lafourche with all sorts of constructions, and in that way depriving the municipal authorities of plaintiff municipal corporation of its privilege to control and supervise the banks of that stream.

In Louisville Const. & Imp. Co. v. Illinois Cent. R. Co., 49 La. Ann. 527, 21 So. 891, 37 L. R. A. 661, in which we find an elaborate review of the question involved in the instant case, the court refers to numerous decisions where it has been invariably held that the banks of a navigable river is a public place, belong to all in common, and cannot be appropriated by a riparian owner of the soil to private use by erecting buildings thereon.

Whether such banks be batture or not, the adjacent owner of the soil cannot use it as private property for such purposes, and such buildings can be removed at the instance of the municipal officers or by individuals living in the municipal corporation, under the provisions of article 861, Civ. Code.

Hence, it follows, from the doctrine so announced in these decisions, that even if defendant had the right as a riparian owner to the batture to which he lays claim under his title, he could not however erect the building on the bank of Bayou Lafourche.

He has no title, as we have stated, to the disputed strip of land as an adjacent or riparian owner, but whether he has or not, he could not appropriate its use for the construction of the building.

For the reasons above given, the injunction was therefore correctly maintained.

Judgment affirmed.