175 So.2d 454 (1965)
Mrs. Sarah Haft KLEIN and Mrs. Rose Klein Robbins
v.
DEPARTMENT OF HIGHWAYS of the State of Louisiana, Travelers Insurance Company and Liberty Mutual Insurance Company.
No. 1817.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 1965.
Rehearing Denied June 7, 1965.
*455 Evangeline Molero Vavrick, New Orleans, for Mrs. Sarah Haft Klein, plaintiff-appellant.
Jesse S. Guillot, New Orleans, for Department of Highways of State of Louisiana, appellee.
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, Thomas G. Rapier, New Orleans, for Travelers, Ins. Co., appellee.
J. Walter Ward, Jr., New Orleans, for Liberty Mut. Ins. Co., appellee.
Before McBRIDE, SAMUEL and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
Plaintiff has appealed from the judgment of the district court granting a summary judgment to the Department of Highways of the State of Louisiana.
We find no material issue of fact in the case and the only question which remains under LSA-C.C.P. art. 966 is whether the mover, the Department of Highways of the State of Louisiana, "is entitled to judgment as a matter of law."
The issue of law to be decided, as stated by the appellant, is: "Is an agency of the state liable for damages caused by its agents to adjacent property owners under Article 667 of the Louisiana Civil Code [LSA] in the same sense that a private property owner is liable and if not then is the agency of the state liable under Article 1 Section 2 of Louisiana State Constitution [LSA]?"
The facts may be simply stated. The Department of Highways of the State of Louisiana contracted with Boh Brothers Construction Company to construct a ramp approaching the Mississippi River Bridge in New Orleans. Both Brothers Construction Company contracted with Raymond Concrete Pile Company to do the piling work. The appellant, Mrs. Sarah Haft Klein, is an owner of the premises identified by the municipal number 939 Howard Avenue in New Orleans. Raymond Concrete Pile Company was required to drive piles in the vicinity of appellant's house. On the afternoon of January 29, 1957, the roof of the appellant's house collapsed. Plaintiffs attribute the cause of the collapse to the vibrations from the pile driving. Appellant and another owner of the house, *456 Mrs. Rose Klein Robbins, filed suit against the Department of Highways of the State of Louisiana, Boh Brothers Construction Company, Raymond Concrete Pile Company, and their insurers. Appellant does not rely on negligence on the part of the Department of Highways.
We will first consider whether the Department of Highways of the State of Louisiana can be liable under LSA-C.C. art. 667[1] for the damage caused to the property of appellant. In reference to LSA-C.C. art. 667, this Court said in the case of Beck v. Boh Bros. Const. Co., 72 So.2d 765, at p. 769 (La.App. Orleans 1954):
"Surely the redactors of the Civil Code did not intend to apply this article to a municipality. In the first place, the City is not the `owner' of its streets in the same capacity as is the owner of private property. The citizens themselves are the owners of the street. In Town of Napoleonville v. Boudreaux, La.App., 142 So. 874, 875, the Court said:
"`A street thus established by a municipal corporation becomes public property belonging to all in common. * * *'
"`This street, when thus established, was segregated from the individual ownership, and became the property of all in common.'
"See, also, Irwin v. Great Southern Tel. Co., 37 La.Ann. 63.
"We agree with counsel for the Sewerage & Water Board that it would be very drastic to extend the doctrine of the Hauck v. Brunet case [La.App., 50 So.2d 495] so as to include the Sewerage & Water Board, or the City of New Orleans, or any other political subdivision as a `neighbor' within the contemplation of the quoted article of the Code. Should that be done municipalities would be placed in a very desperate situation since, whenever work is done by them, they would be overwhelmed with suits similar to that which we are now considering. See Orgeron v. Louisiana Power & Light Co., 19 La.App. 628, 140 So. 282." (Emphasis ours.)
Under this rule we feel that the Department of Highways, as a political subdivision, would not be included within the coverage of LSA-C.C. art. 667. However, the rule is based to a large extent on the theory of sovereign immunity and embraces the policy consideration of exposing the political subdivision to the possibility of being placed in the "very desperate situation" of being "overwhelmed with suits similar to that which we are now considering."
We now reach the consideration of how this aspect of the rule of the Beck case is affected by LSA-R.S. 48:22, in respect to the State Department of Highways, which provides:
"The department has all of the rights, powers, and immunities incident to corporations. It may acquire, own, administer, alienate, and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible; contract; adopt, alter, or destroy an official seal; sue and be sued, implead, and be impleaded."
LSA-R.S. 48:22 has been interpreted so as not to include tort liability, Westwego Canal & Terminal Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389 (1942); Kilberg v. Louisiana Highway Commission, 1928, 8 La.App. 441, but has been interpreted to include liability for breach of contract. Short & Murrell v. *457 Department of Highways, 233 La. 735, 98 So.2d 170 (1957); Makofsky v. Department of Highways, 12 So.2d 485 (La.App. 1st Cir.1943), modified on other grounds 205 La. 1029, 18 So.2d 605 (1944).
A cause of action under LSA-C.C. 667 is neither ex delicto nor ex contractu, but is a form of strict liability placed in the Civil Code under the chapter on servitudes imposed by law. It was said in Orgeron v. Louisiana Power & Light Co., 19 La.App. 628, 140 So. 282, at pp. 284-285 (La.App. Orleans 1932):
"Another contention relied on by counsel is that the highway commission is an especially created political or departmental corporation, and that, as such, it may, under the act creating it, sue and be sued.
"This argument, also, finds itself answered in the Kilberg Case in the following words:
"`It is evident from other provisions in the Act that the clause subjecting the Commission to the liability to be sued does not confer upon a complainant a right of action whereby the Commission would be eventually deprived and dispossessed of the fund which is necessary for it to exercise its governmental functions and which is dedicated by the Constitution to that special purpose. To so hold would be to recognize that the usefulness of the Commission can be destroyed and the purpose of its existence frustrated through the fault and negligence of the persons appointed to superintend the work necessary to accomplish the legal ends of its existence.
"`The funds under the control of the Highway Commission are specially dedicated to the construction and maintenance of highways and cannot be diverted from that purpose without express legislative sanction, and even if it were conceded that the Commission could be sued for damages ex delicto, a judgment for damages ex delicto would be worthless. Of course, courts of justice will not lend themselves to render judgments which cannot be enforced or executed.
"`There is no reason why we should further construe the stipulation "that the Commission is a body corporate and that as such it may sue or be sued." It is not necessary for the decision of this case for us to express any opinion as to what actions may be brought against the Commission. Such opinion would be obiter dictum. Suffice it to say that we are clearly of opinion that the Louisiana Highway Commission may not be sued for damages ex delicto, and that therefore plaintiff's petition does not disclose a cause of action.'
"In analogous situations, various courts have held that, though a state may create a special corporation to perform particular governmental functions, and that, though in the statute creating such corporation or agency or department, it may be provided that the said creature may sue and be sued, nevertheless such provisions merely permit suits in contract and for special purposes, but do not constitute permission to institute actions for tort. Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L.R.A.(N.S.) 251, Ann.Cas. 1913E, 1033; Murdock Parlor Grate Co. v. Commonwealth, 152 Mass. 28, 24 N.E. 854, 8 L.R.A. 399; Houston v. State, 98 Wis. 481, 74 N.W. 111, 42 L.R.A. 39; Davis v. State, 30 Idaho 137, 163 P. 373, Ann.Cas. 1918D, 911, 13 A.L.R. 1276; Burroughs v. Commonwealth, 224 Mass. 28, 112 N.E. 491, Ann.Cas. 1917A, 38; United States v. Cumming, 130 U.S. 452, 9 S.Ct. 583, 32 L.Ed. 1029; United States v. Irwir, 127 U.S. 125, 8 S.Ct. 1033, 32 L.Ed. 99." *458 It was also stated, 8 La.App. at p. 442 in the case of Kilberg v. Louisiana Highway Commission, supra, that:
"* * * said Commission is declared to be a body corporate and that as such, it may sue or be sued in any court of justice; but the statute is silent as to the nature of the causes of action upon which the Commission may sue or be sued. The quoted clause in the Act must be read in connection with the fundamental constitutional principle that the State may only be sued with its permission (Sec. 35, Art. III), and where a State agency is acting within the scope of its governmental functions, it represents the State and as such, it may not be sued except with the permission of the State."
We are of the opinion that the action under LSA-C.C. 667, for the purposes of LSA-R.S. 48:22, is more analogous to an action ex delicto and therefore does not remove the Highway Department from the rule of the Beck case. Nor do we believe that House Concurrent Resolution No. 19 of the Third Extraordinary Session of the Louisiana Legislature for 1960, which authorized the appellant to file suit against the Department of Highways of the State of Louisiana upon claims for damages to property resulting from negligence of the Department, is permission to sue on a cause of action based on LSA-C.C. art. 667. Plaintiff-appellant's claim for damages is not founded upon a charge of negligence against the Highway Department.
Therefore, our conclusion is that the Department of Highways of the State of Louisiana cannot be liable in the present case to appellant under LSA-C.C. art. 667.
We must consider next whether the Department of Highways can be liable to the appellant under Article 1, Section 2 of the Constitution of the State of Louisiana.[2] The Supreme Court of Louisiana said in the case of Angelle v. State, 212 La. 1069, 34 So.2d 321, at pp. 323-324, 2 A.L.R. 2d 666 (1948):
"In view of this, it becomes necessary to determine the meaning of the constitutional prohibition against the taking or damaging of private property `except for public purposes'. We think that the statement refers exclusively to the power of eminent domain, i. e., the intentional or purposeful expropriation or appropriation of private property for a public use or convenience. In the instant cases, we experience great difficulty in perceiving that the destruction of the station and the sweet potatoes resulted from anything more than the negligent acts or omissions of the agents of the Department of Agriculture. The loss for which compensation is sought resulted exclusively from a fortuitous eventa fireas far removed from a deliberate appropriation under eminent domain as anything could be; forsooth, a wholly unintentional destruction which served no public purpose whatever.
"Counsel for plaintiffs argue that, since the Department of Agriculture was engaged in a systematic program for the eradication of sweet potato weevils, all acts of state agents in connection with the program were for a public purpose and that, therefore, it follows that any destruction of private property, though unintentional or unnecessary, is a taking of the property for a public purpose.
"This argument is not sound because it fails to reckon a distinction between the destruction and damaging of private property by agents of the State *459 while engaged merely in the performance of a governmental function and the deliberate taking or necessary damaging of property for the public use and benefit. In the first instance, the destruction or damage occurs not for a public purpose but by reason of the negligence of the state officers or agents. In the latter, the property is taken or damaged under the power of eminent domain; it is an appropriation for public purposes for which adequate compensation is guaranteed to the owner by Section 2 of Article I of the Constitution."
The Angelle case requires "the intentional or purposeful expropriation or appropriation of private property for a public use or convenience" for the application of Article 1, Section 2 of the Constitution of the State of Louisiana. We feel that the facts of the present case do not constitute the kind of taking or damaging required by the Angelle case in order for the constitutional provision to apply. There is no requirement of an assertion of negligence to come under the above-stated rule of Angelle.
Plaintiff cites the recent case of Kendall v. State, Department of Highways, 168 So. 2d 840, at p. 843 (La.App.2d Cir.1964), writs refused, 247 La. 341, 170 So.2d 864, February 5, 1965, which said:
"* * * Regardless of whether the cause of action arose out of Articles 2315 or 667 of the LSA-Civil Code, whenever a governmental agency engages in an undertaking with a public purpose and public benefit which directly results in a damaging of private property the `or damaged' provision of the above quoted constitutional article [LSA-Const. Art. 1, § 2] is self-operating and creates a cause of action" (Emphasis ours.)
We have been unable to reconcile to our entire satisfaction the above statement in the Kendall case with the opinion of the Supreme Court in the Angelle case, which found that Article 1, Section 2 was not applicable in a case involving "a wholly unintentional destruction which served no public purpose whatever." The factual situation before us in the instant case is quite similar to that in Kendall. We feel that we are bound by the decision of the Supreme Court in Angelle and should follow it at the risk of apparent conflict with our brothers of the Second Circuit.
We are aware of the fact that in the Angelle case the State was spraying to eradicate sweet potato weevils and did not involve eminent domain; whereas both the Kendall case and the present case do involve eminent domain in some way. However, in the instant case, we are of the opinion that the damage alleged has not resulted under the conditions required by the Angelle case.
Therefore, our conclusion is that in the instant case the Department of Highways of the State of Louisiana is not liable to appellant under Article 1, Section 2 of the Constitution of the State of Louisiana.
For the foregoing reasons, the summary judgment dismissing plaintiff-appellant's suit against the Department of Highways of the State of Louisiana is affirmed at appellant's cost.
Affirmed.
NOTES
[1] "Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." LSA-C.C. art. 667.
[2] "No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid." LSA-Const. Art. 1, § 2.