CHASEZ, Judge.
This suit was filed by plaintiffs-appellants Octave and Jeanne Bazanac, against the State of Louisiana, Department of Highways, appellee herein, and Raymond Concrete Pile, Division of Raymond International, Inc., and Liberty Mutual Insurance Company, its insurer, for damage allegedly done to certain property owned by the Bazanacs, by pile-driving operations performed in connection with the building of a highway.
The plaintiffs’ suit was met by the state with an exception of governmental immunity, and the exceptions of no cause and no right of action. The exceptions of no cause and no right of action were maintained, without written reasons, and the suit was dismissed as to the state. The plaintiffs take this appeal from that judgment dismissing the state from the suit.
The exception of governmental immunity was as such an exception of no right of action, and it is apparent the trial judge did not find it necessary to rule on it specifically, as his action in maintaining the exception of no right of action had the same effect.
The plaintiffs aver their petition states a cause of action in two respects.
First they contend that the State, Department of Highways, as owner of the land on which the pile-driving operations were performed, was liable to them under LSA-C.C. art. 667, irrespective of any acts of negligence. Second they contend their petition alleges specific acts of negligence by the State, Department of Highways and thus they have an action against the State for that under LSA-C.C. art. 2315.
Further, the appellants contend they have a right of action against the State, Department of Highways, in that that State Agency is not immune from suit. They contend this immunity was waived by Article 3, § 35, of the Constitution of 1921, as amended by Acts 1960, No. 621, adopted November 8, 1960, LSA, and the express provisions of LSA-R.S. 48:22, citing the cases of Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965) and Lambert v. Austin Bridge Company, 189 So.2d 752, La.App. 1st Cir. 1966.
Their first contention, that is the strict liability provisions of LSA-C.C. art. 667 are applicable to an agency of the State, as any other landowner, has been settled by this court to the contrary. In Klein v. Department of Highways, 175 So.2d 454 (1965), writs refused, 248 La. 369, 178 So. 2d 658 (1965) this court made these remarks :
“We will first consider whether the Department of Highways of the State of Louisiana can be liable under LSA-C.C. art. 667 for the damage caused to the property of appellant. In reference to LSA-C.C. art. 667, this Court said in the case of Beck v. Boh Bros. Const. Co., 72 So.2d 765, at p. 769 (La.App. Orleans 1954) :
“ ‘Surely the redactors of the Civil Code did not intend to apply this article to a municipality. In the first place, the City is not the “owner” of its streets in the same capacity as is the owner of private property. The citizens themselves are the owners of the street. In Town of Napoleonville v. Boudreaux, La.App., 142 So. 874, 875, the Court said:
“ ‘ “A street thus established by a municipal corporation becomes public property belonging to all in common. * * * ” ’
“ ‘ “This street, when thus established, was segregated from the individual ownership, and became the property of all in common.” ’
*123 “ ‘See, also, Irwin v. Great Southern Tel. Co., 37 La.Ann. 63.
“ ‘We agree with counsel for the Sewerage & Water Board that it would he very drastic to extend the doctrine of the Hauck v. Brunet case [La.App., 50 So.2d 495] so as to include the Sewerage & Water Board, or the City of New Orleans, or any other political subdivision as a “neighbor” within the contemplation of the quoted article of the Code. Should that he done municipalities would be placed in a very desperate situation since, whenever work is done by them, they would be overwhelmed with suits similar to that which we are now considering. See Orgeron v. Louisiana Power & Light Co., 19 La.App. 628, 140 So. 282 (Emphasis ours.)”
“Under this rule we feel that the Department of Highways, as a political subdivision, would not be included within the coverage of LSA-C.C. art. 667. * * * ” 175 So.2d at 456.
We agree with this conclusion and follow it herein.
The second contention argued by appellants is that their petition has stated a cause of action under LSA-C.C. art. 2315 in that it alleges specific acts of negligence by the State, Department of Highways. We agree with this contention. This finding is separate and apart from the question which we will discuss later of whether plaintiffs have the right to pursue this action against that State Agency.
In paragraph 5 of plaintiffs’ petition they allege:
“That as a concurrent cause of said damage, petitioner avers that the State of Louisiana and the Department of Highways were negligent in the following respects :
“a. Using expropriated property in such a way so as to cause damage to petitioners’ property.
“b. Failing to require the contractors and subcontractors to properly test the force at which piles may be driven safely-
“c. Failing to properly inspect the construction of a public highway.
“d. Allowing a contractor to use improper safety measures so that neighboring structures would not be damaged.
“e. And all other acts of negligence which may be shown at the trial of this matter.”
Without reaching of course the question of whether plaintiffs can prove these allegations, we find that it is well settled that in ruling on an exception of no cause of action, the allegations of the petition are taken as true. If the petition states a cause of action on any of the allegations, the exception must be overruled. Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 (1950). For these reasons then we find that judgment appealed from must be reversed insofar as it sustains appellee’s exception of no cause of action.
The more difficult problem presented in this appeal however, deals with the State, Department of Highways’ exception of no right of action as it involves the question of governmental immunity. Going right to the heart of this matter we find that the decision of Lambert v. Austin Bridge Company, 189 So.2d 752, La.App. 1 Cir. 1966, is directly on point. We could scarcely improve on the discussion of this problem as it is found in that case, and we take the liberty to quote at length from that opinion as follows:
“Third party plaintiffs allege that whatever immunity the Department of Highways may have previously enjoyed has been waived by the enactment of LSA-R.S. 48 :- 22 (Acts 1942, No. 4, Section 8), when the provisions of that statute are considered in connection with Article 3, Section 35, of the Constitution of 1921, as amended by *124 Acts 1960, No. 621, adopted November 8, 1960.
“Article 3, Section 35, of the Constitution reads as follows:
“ ‘The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants. No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof. The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescription or peremption which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant’s immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim. (As amended Acts 1960, No. 621, adopted Nov. 8, I960.)’
“LSA-R.S. 48:22 provides as follows:
‘“The department has all of the rights, powers, and immunities incident to corporations. It may acquire, own, administer, alienate, and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible; contract; adopt, alter, or destroy an official seal; sue and be sued, implead, and be impleaded.’
“Appellants-third party plaintiffs contend that Article 3, Section 35, simply provides that the legislature is empowered to waive, by special or general laws or resolution, the immunity from suit and from liability of the State or any of its departments or corporations, and that it further provides that each authorization by the legislature for a suit against the State of any such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as a waiver of the defendant’s immunity both from suit and from liability. They then contend that the legislature has waived the immunity of a city by incorporation in a city charter language empowering the city to sue and be sued. As authority for this position they cite Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965), wherein the Court held that the legislature, in incorporating in the city charter of Shreveport language authorizing the city to sue or be sued waived the immunity of the city from suit in view of the legislative power to waive immunities granted by Article 3, Section 35, of the Louisiana Constitution of 1921.
“Appellants-third party plaintiffs then contend that in the instant case the legis *125 lature by the enactment of R.S. 48:22, similarly waived the immunity of the Department of Highways, and as the language employed in the City charter of Shreveport is substantially the same as the provisions of R.S. 48:22, the rule of the Hamilton case, supra should apply to the case at issue and, therefore, the legislature has waived the immunity to suit formerly enjoyed by the Department of Highways.
“The third party defendants, in answer to the contention of the third party plaintiffs, cite the general rule regarding suits against the state to the effect that a state cannot be sued for tort without having given its consent through the legislature in conformity with constitutional provisions. Lewis v. State, 196 La. 814, 200 So. 265; Mallard v. State, La.App., 194 So. 447; Fouchaux v. Board of Commissioners of Port of New Orleans, La.App., 186 So. 103, 193 La. 182, 190 So. 373. Third party defendants then contend that under the well established jurisprudence it has been held that LSA-R.S. 48:22 does not authorize suits against the Department of Highways for the recovery of damages ex delicto, citing as authority the case of Westwego Canal & Terminal Co. Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, wherein the Louisiana Supreme Court held as follows:
“ ‘It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex.Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron et ux. v. Louisiana Power & Light Co., et al., 19 La.App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court.’
“Third party defendants further contend that the Hamilton case is limited solely to cases concerning city charters for the reason that there has long existed in Louisiana a line of cases distinguishing -the liabilities of cities and towns from that of the state itself, including: 3 L.L.R. 720; De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A.L.R. 336 (1928); Stewart v. City of New Orleans, 9 La.Ann. 461 (1854); Lewis v. City of New Orleans, 12 La.Ann. 190 (1857); Belgarde v. City of Natchitoches, La.App., 156 So.2d 132 (1963); 2 Harper & James, The Law of Torts, Sec. 29.6. They then conclude that the Hamilton case does no more than adhere to that previously made distinction.
“[1] It is the opinion of this Court that in view of the decision of the Louisiana Supreme Court in the Hamilton v. City of Shreveport case, supra, this Court has no alternative but to hold that the immunity formerly enjoyed by the Department of Highways under R.S. 48:22 has been effectively waived by the enactment of Article 3, Section 35 of the Constitution of 1921, as amended by Acts 1960, No.. 621, as quoted above, and that the rule of the Hamilton case applies to the case at issue. There is nothing in the Hamilton case which would lead this Court to believe that it would not apply to the facts at issue herein. Although we feel that the Supreme Court may not have in the Hamilton case meant to extend its rule to the case at issue, in view of the language of the Hamilton case we do not feel that this Court has any alternative but to hold that the rule of the Hamilton case applies herein and that while the Westwego case is not specifically overruled, nevertheless the effect of the Hamilton case is to overrule the Westwego case insofar as it interprets R.S. 48:22.” 189 So.2d 754-756.
We also note the dissent filed in that case and in view of our ultimate decision herein, find it of value to quote at length from it also:
“The majority opinion of this Court found that whatever immunity the Department of Highways of the State of Louisiana may have previously enjoyed has *126 been waived when the provisions of LSA-R.S. 48:22 (Acts 1942, No. 4, Section 8) are construed in connection with Article 3, Section 35, of the Constitution of 1921, as amended by Acts 1960, No. 621, adopted November 8, 1960, and based that view on the decision of the Louisiana Supreme Court in the case of Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965). The majority holds that under the language of the Hamilton case the immunity of the Department of Highways has now been waived. With this holding I cannot agree.
“While it is true that an examination of LSA-R.S. 48:22 in the light of the Hamilton case and nothing more would lead to this conclusion, the interpretation of LSA-R.S. 48:22 by the Louisiana Supreme Court in the case of Westwego Canal & Terminal Co. Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, throws a different light on the subject. In the West-wego case the Court held:
“ 'It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex. Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron et ux. v. Louisiana Power & Light Co. et al., 19 La.App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court.’
“In view of that holding by the Supreme Court, LSA-R.S. 48:22 does not in itself authorize suits against the Commission for recovery of damages ex delicto and would not, in my opinion, extend the immunity merely by a constitutional amendment which empowers the legislature to waive said immunity by special or general laws. It would be necessary to construe the language of LSA-R.S. 48:22 to be a legislative intent of waiver of immunity before a constitutional provision authorizing the waiver of same would apply. It is, therefore, my opinion that the general rule of immunity set forth in the case of Mallard v. State, La.App., 194 So. 447, to the effect that:
“ ‘It is a universal rule of law that the sovereign and also its governmental agencies in the performance of governmental functions, may not be sued in tort by its own citizens in its own courts without the State’s consent or authority being first yielded. In this State such consent can only be given by the Legislature.’ is still in effect and has not been affected by an application of the waiver of immunity of Article 3, Section 35, of the Constitution to that provision of LSA-R.S. 48:22 which authorizes the Highway Department to be sued or interpleaded.
“It is my opinion that the Louisiana Supreme Court did not mean to specifically overrule the case of Westwego Canal & Terminal Co., Inc. v. Louisiana Highway Commission, supra, and that the effect of the majority opinion in this case is to overrule that case.
“It is also my opinion that although the Supreme Court is not clear in the Hamilton case as to the extent of its holding, it did not, in my opinion, mean to submit the Department of Highways of the State of Louisiana, to a multitude of suits without first requiring that legislative authorization be sought before a suit in tort could be brought against the Department of Highways.
“Certainly this Court can take judicial notice of the fact that since the amendment to Article 3, Section 35, in every subsequent legislature, including the current session, many bills have been introduced authorizing permission to sue the Department of Highways, and it is not, in my opinion, sound for this Court to declare that the immunity formerly enjoyed by the Department of Highways to suits in tort has been waived by the enactment of Article 3, Section 35 of the Constitution of 1921, as amended, based upon the holding of the Hamilton case. *127 Also, I am impressed with the position of the third party defendants to the effect that there has always been a distinction in the jurisprudence between suits brought in tort against cities and suits brought against the Department of Highways and its subdivision.
“With the balance of the holding of the majority I am in agreement, but I must respectfully dissent from the ruling insofar as the exception to the immunity of the Department of Highways is concerned.
“Rehearing denied.
“REID, J., dissents from refusal to grant a rehearing.”
We agree with the conclusions expressed in this dissenting opinion. It appears to us the issue can be very simply stated: Here we are dealing with the interpretation and effect to be placed on LSA-R.S. 48:22, as it involves the question of the immunity from tort suit of the State, Department of Highways. We find that the Supreme Court has decided in the Westwego case on this very point. Therefore unless we find a later decision of equal dignity which changes this holding we are bound to follow the Westwego case. We can find nothing in the Hamilton case which effectively overrules the Westwego decision, nor do we find that the Hamilton case holds that the Article 3, Section 35, of the Constitution of 1921, as amended by Acts 1960, No. 62, adopted November 8, 1960, effects a blanket waiver of immunity of the various agencies of the State of Louisiana. Hence the Westwego decision must still control, and it is with great reluctance that we find it necessary to expressly disagree with the majority of our brothers in the First Circuit on this point,[1] regardless of our opinion regarding the merits of their decision. For the reasons hereinabove expressed the judgment appealed from is reversed insofar as it sustains the exception of no cause of action, but in all other respects it is affirmed.
Reversed in part, affirmed in part and rendered.

. It should be noted that writs were applied for to the Supreme Court in the Lambert decision. These writs were refused wúth the notation: “Application not considered. It was not timely filed. See art. 7, Sect. 11, Louisiana Constitution.” 249 La. 768, 191 So.2d 143 (1966).