BARNETTE, Judge.
The plaintiff, Antonia Compass, divorced wife of Alphonse Picou, has appealed from a judgment sustaining an exception of no cause or no right of action based on governmental immunity and dismissing her suit insofar as the defendant Department of Highways of the State of Louisiana is concerned. Her suit for damages insofar as the other defendants are concerned is pending trial in the district court.
The plaintiff owns certain property on North Claiborne Avenue in the City of New Orleans along which street the Department of Highways engaged Boh Brothers Construction Company, Inc., to construct a section of the Federal Highway System known as Interstate-10. The construction called for the driving of a large number of piles. The plaintiff alleged that the vibrations caused by the pile driving in the immediate vicinity of her property caused extensive damage for which she seeks recovery against the Department of Highways, Boh Brothers, and Travelers Insurance Company, the latter’s liability insurer. In addition to the $10',174.40 alleged damage to her property, she seeks recovery of $53,250 for alleged pain, suffering, mental anguish, nervous system shock, and medical expenses incident thereto.
The Department of Highways filed an exception of no cause or no right of action based on a claim of governmental immunity. This exception was maintained by the trial judge without written reasons and plaintiff’s suit against that defendant was dismissed.
The facts and issues presented by this appeal are identical in every material aspect, except for the additional claim of damages for personal injuries, to those presented and decided by us in Klein v. Department of Highways, La.App., 175 So.2d 454 (writs refused by the Supreme Court, 248 La. 369, 178 So.2d 658 [1965]). Furthermore, in the more recent case of Bazanac v. State, Department of Highways, La.App., 218 So.2d 121, decided by us January 6, 1969, the issue of governmental immunity of the State Department of Highways was again before this court. In that case, we reaffirmed our opinion in the Klein case and again upheld the Department’s immunity, which had not been waived, and maintained its exception of no right of action.
In deciding the Bazanac case we stated our awareness of the conflict of our opinion with the majority opinion of the First Circuit in Lambert v. Austin Bridge Company, La.App., 189 So.2d 752 (1966) [1] and our concurrence with the dissenting opinion of Reid, J. We also took cognizance of the opinion of our brothers of the Third Circuit in Herrin v. Perry, 215 So.2d 177 (1968). In both of those cases as in Reymond v. State, Through Department of Highways, La.App., 217 So.2d 488, decided December 16, 1968, the courts followed the decision of the Supreme Court in Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965),[2] which was interpreted as having the effect of overruling the earlier opinion of the Supreme Court in Westwego Canal and Terminal Co., Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389 (1942). We did not agree with that interpretation, nor do we now agree that Hamilton has effectively overruled West-wego.
The rationale of the Hamilton case is that the Charter of the City of Shreveport authorizing the City to sue and to be sued was an effective waiver of its immunity and hence, under the provisions of LSA-Const. Art. 3, § 35 as amended in 1960, was an authorization by the Legislature for suit against the City of Shreveport for all pur *105 poses. Our brothers of the First and Third Circuits have pointed to a similar provision in LSA-R.S. 48:22 (Act 4 of 1942) empowering the Department of Highways to “sue and be sued, implead and be impleaded” which they conclude under the authority of Hamilton constitutes an effective waiver of immunity by the Department of Highways which had been rejected in West-wego.
The pertinent part of LSA-Const. Art. 3, § 35 as amended in 1960 is as follows:
“The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability. * * ”
It is significant, we think, that in West-wego the Supreme Court said:
“It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex.Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron et ux. v. Louisiana Power & Light Co. et al., 19 La.App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court.” 9 So.2d at 390.
LSA-R.S. 48:22 (Act 4 of 1942, Section 8), which is a rewriting of Section 3 of Act 95 of 1921, above referred to by the Supreme Court, makes no change in the language pertinent to our consideration here. Clearly the Supreme Court in Westwego rejected this as a waiver of immunity against suits ex delicto. No other legislative authorization has been called to our attention which enlarges on this act. It logically follows, therefore, if there was no waiver of immunity prior to 1960 and none has been granted since 1960, the language of the 1960 amendment in reference to authorization by the Legislature “heretofore and hereafter enacted or granted * * * ” does not affect the Department of Highways.
It is argued that the 1960 amendment to Article 3, Section 35 wherein it provides that the legislative authorization heretofore and hereafter enacted, etc., shall be effective “for all purposes” has the effect of extending the heretofore limited authorization for suit against the Department of Highways to cover also actions ex delicto and actions under LSA-C.C. art. 667. This argument seems to be answered by the Supreme Court in Hamilton wherein it said:
“It is apt to observe that the Legislature of 1960 in adopting the aforementioned proposed amendment did so with the express purpose of nullifying the effect of two decisions of this court, Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594, (rehearing denied October 9, 1959), and Stephens v. Natchitoches School Board, 238 La. 388, 115 So.2d 793, (rehearing denied December 14, 1959), holding thát whenever the Legislature authorized suit under Section 35 of Article 3 of the Constitution of 1921, as amended pursuant to Act No. 385 of 1946, it simply waived the traditional immunity of the state and its subdivisions from suit and did not constitute a waiver of the state or its agencies from liability for the negligence of one of its employees in the exercise of a governmental function.” 174 So.2d at 530.
*106 Duree v. Maryland Casualty Company, supra, was a suit against the State (in which, incidentally, the Court cited with reapproval its decision in Westwego, 114 So.2d at p. 596), and Stephens v. Natchitoches Parish School Board, supra, was a suit against a public board as an agency of the State. By special legislative authorization plaintiffs were granted the right to bring their actions, which authority the Supreme Court held was no more than a waiver of the State’s immunity from suit and did not constitute a waiver of immunity from liability. It is apparent to us that the Supreme Court by its above-quoted comment in Hamilton interpreted the “for all purposes” phrase in the 1960 amendment to mean that a waiver of the State’s immunity against suit also constituted a waiver of the State’s liability insofar as the issues in that suit are concerned, and not a waiver of immunity for suits not heretofore authorized.
We are still of the opinion as expressed in Bazanac and Klein that we are controlled by the authority of Westwego until such time as the Supreme Court shall decree otherwise.
At this writing we are cognizant that the Supreme Court has granted writs of cer-tiorari in the Herrin, Reymond, and Bazanac cases. The conflict which now exists among the Circuit Courts of Appeal on the issue of governmental immunity in view of the 1960 amendment of Article 3, Section 35 of the Constitution and the scope of the Court’s opinion in Hamilton v. City of Shreveport will be resolved at an early date. No doubt writs will also be granted in this case so it may be considered along with the other three now pending before the Supreme Court:
The plaintiff has strenuously argued that its right of action against the State exists, irrespective of a special legislative authorization, since it has alleged a cause of action under LSA-Const. Art. 1, § 2 which is self-operating. That article is as follows:
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
Based on this authority the plaintiff argues that her property has been “constructively taken” for public purposes; that it was not expropriated for the highway construction, but should have been, or in any event it has been “damaged” for public purposes.
This contention was also one of the issues in Klein v. Department of Highways, supra, and also in Reymond v. State, Department of Highways, supra, which also was a suit for damages in part arising out of pile-driving operations in highway construction. We said in Klein that we could not reconcile our views with those of the Second Circuit in Kendall v. State, Through Department of Highways, La.App., 168 So.2d 840 (1964), in view of the decision of the Supreme Court in Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666 (1948), and held that plaintiff’s action could not be brought under LSA-Const. Art. 1, § 2. (See Klein v. Department of Highways, supra, at p. 459.) To this extent the First Circuit apparently is in agreement with us in the Reymond case. That court also found Kendall in conflict with Angelle and said:
“ * * * The rule of the Kendall case, however, appears in conflict with the holding of the Louisiana Supreme Court in Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666, which requires ‘ * * * the intentional or purposeful expropriation or appropriation of private property for a public use or convenience’ for the application of Article 1 § 2 of the Constitution of the State of Louisiana, that is the provision re *107 lates solely to cases of eminent domain. The rules of these two cases cannot be reconciled and we feel hound to follow the pronouncement of the Supreme Court. Therefore, plaintiff’s suit cannot be based on LSA-Const. Article 1 § 2.”
Furthermore, in no event can plaintiff bring her action for damages for personal injuries under the authority of LSA-Const. Art. 1, § 2, nor under any other provision of law except LSA-C.C. art. 2315.
Insofar as plaintiff’s attempt to bring her action under LSA-C.C. art. 667 is concerned, we need only to say that, even if she has such a cause of action, she has not first obtained legislative authorization to bring suit against the Department of Highways, which, for the reasons stated above, must first be obtained.
In the Klein case we did hold that streets and highways are not the subject of ownership contemplated by LSA-C.C. art. 667 to bring the plaintiff within the right of action for damage to her property against the State, citing Beck v. Boh Bros. Const. Co., 72 So.2d 765 (La.App.Orleans 1954) at p. 769. Perhaps this was not necessary to our •ultimate decision in that case since the plaintiff’s legislative authorization for suit was expressly limited to damages to property resulting from negligence of the Department of Highways. The plaintiff in Klein did not allege negligence, but attempted to invoke the strict liability provision of LSA-C.C. art. 667. We held she could not do so.
For the foregoing reasons the judgment maintaining the exception of no right of action based on immunity of the Department of Highways of the State of Louisiana and dismissing plaintiff’s petition as against the defendant Department of Highways of the State of Louisiana at plaintiff’s cost is affirmed.
Affirmed.

. Application for writs to the Supreme Court was not timely filed and hence was dismissed, 249 La. 768, 191 So.2d 143 (1966).

. Rehearing denied by the Supreme Court on May 3, 1965, the same day we decided the Klein ease maintaining the Department of Highways’ governmental immunity.