## UNITED STATES *v.* CUMMING.

## CUMMING *v.* UNITED STATES.

APPEALS FROM THE COURT OF CLAIMS.

Nos. 723, 724. Submitted January 4, 1889. — Decided April 22, 1889.

Congress enacted that A B and C D " be permitted to sue in the Court of Claims, which court shall pass upon the law and facts as to the liability

of the United States for the acts of its officer" E F, . . . "collector of internal revenue" etc., "and this suit may be maintained, any statute of limitation to the contrary notwithstanding." *Held*, that this was a waiver of the defence based upon the statute of limitations, but not a waiver of the defence based on the general principle of law that the United States are not liable for unauthorized wrongs inflicted on the citizen by their officers while engaged in the discharge of official duties.

The case is stated in the opinion.

*Mr. Assistant Attorney General Howard* for the United States.

*Mr. Michael Jacobs, Mr. Leonard Myers* and *Mr. David McAdam* for Cumming and others.

Mr. Justice Harlan delivered the opinion of the court.

These are appeals from a judgment against the United States in favor of Joseph M. Cumming and Hamilton J. Miller, surviving members of the late firm of J. M. Cumming & Co., formerly manufacturers, distillers, vendors and exporters of whiskeys and alcohols, for the sum of thirty-six thousand dollars, as the damages sustained by that firm in consequence of certain acts of Joshua F. Bailey, collector of internal revenue for the fourth internal revenue district of New York, and of other officers who served under or with him. The amount for which the plaintiffs asked judgment was $1,635,753.

The suit was brought under the authority of the following act of Congress, approved February 26, 1885, 23 Stat. 639, c. 167.

"An Act for the relief of Joseph M. Cumming, Hamilton J. Miller and William McRoberts.

: "*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That Joseph M. Cumming, Hamilton J. Miller and William McRoberts, late copartners in the business of commission merchants and bonded warehousemen in the city of New York, be permitted to sue in the Court of Claims; which court shall pass upon the law and facts as to the liability of the United

States for the acts of its officer, Joshua F. Bailey, by reason of the seizure, detention and closing up of the commission houses and bonded warehouses of said copartners, for the breaking up and interruption of their said business, and for the seizure and detention of the property, books and papers in and connected with said business, by Joshua F. Bailey, collector of internal revenue for the fourth internal revenue district of said State or by said Bailey and other internal revenue officers. The United States shall appear to defend against said suit, and either party may appeal to the Supreme Court as in ordinary cases against the United States in said court; and said suit may be maintained, any statute of limitation to the contrary notwithstanding.

"Approved, February 26, 1885."

It is evident that Congress intended to open the doors of the Court of Claims to the plaintiffs, so far as to permit them to sue the government, unembarrassed by any defence of the statute of limitations, and to obtain an adjudication, based upon "the law and facts," as to the liability of the United States for the wrongs of which complaint is made. In other words, the jurisdiction of the Court of Claims was so enlarged as to embrace this particular demand and to authorize such judgment as, under all the evidence, would be consistent with law. Here, however, we are met with the suggestion, that there is a general principle, applicable, as this court said, in *Gibbons* v. *United States*, 8 Wall. 269, 275, to all governments, which "forbids, on a policy imposed by necessity, that they should hold themselves liable for unauthorized wrongs inflicted by their officers on the citizen, though occurring while engaged in the discharge of official duties." Did Congress intend to abrogate this principle so far as the demands of the present plaintiffs are concerned? Did it invest the Court of Claims with jurisdiction to render a judgment against the United States upon its appearing that the revenue officers transcended the authority conferred upon them by law, or had exercised their authority in such manner as made them personally liable in damages to the plaintiffs? There would be some ground for an affirmative answer to these questions if the statute had not required the court to pass upon both the law and the facts "as to the

liability of the United States." If the facts disclosed a case of unauthorized wrongs done to the plaintiffs by the revenue officers of the United States, the question, by the very terms of the act, would still remain, whether the United States were liable, in law, for such damages as the plaintiffs had sustained. There would seem to be no escape from the conclusion that Congress intended that the liability of the government should be determined by the settled principles of law. The only right waived by the government was a defence based upon the statute of limitations. *Erwin* v. *United States,* 97 U. S. 392; *Tillson* v. *United States,* 100 U. S. 43; *McClure* v. *United States,* 116 U. S. 145.

It is said that the act, professedly for the relief of the plaintiffs, would be unavailing, unless it is so construed as to relieve them from the operation of the rule laid down in *Gibbons* v. *United States.* A satisfactory answer to this suggestion is that if Congress intended to do more than give the plaintiffs an opportunity, in an action for damages brought in the Court of Claims, to test the question as to the liability of the United States, upon the law and facts, for the alleged wrongs of their officers, that intention would have been expressed in language not to be misunderstood. It is as if the plaintiffs asserted before Congress the liability, in law, of the government for the damages they sustained, and Congress permitted them to invoke the jurisdiction of the Court of Claims in order that there might be a judicial determination of the question by that tribunal, with the right of appeal " as in ordinary cases against the United States in said court."

According to this construction of the act, the plaintiffs were not entitled to judgment against the United States in any sum; for, if Collector Bailey and other revenue officers did nothing more than the law authorized them to do, neither they nor the government would be liable in damages; while, if they acted illegally, they would be personally liable in damages; not the government.

*The judgment is reversed, with directions to render judgment in favor of the United States.*

MR. JUSTICE MILLER and MR. JUSTICE FIELD dissented.