**Robert HARDIN, Appellant**

v.

**CITY TITLE & ESCROW COMPANY.**

No. 85–5746.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 20, 1986.

Decided Aug. 8, 1986.

John W. Thyden, for appellant.

Susan Isaacs Biro with whom Robert N. Levin, Washington, D.C., was on brief, for appellee.

Before BORK and SCALIA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge MacKINNON.

MacKINNON, Senior Circuit Judge:

Hardin's claim arises under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* (the Act). Our review is limited to the jurisdictional provision of the Act, which as enacted in the Statutes at Large, provides:

### JURISDICTION OF COURTS

Sec. 16. Any actions pursuant to the provisions of section 2607 or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within one year from the date of the occurrence of the violation....

88 Stat. 1731 (codified at 12 U.S.C. § 2614 (Supp. I 1983)). The defendant filed a motion to dismiss, contending that the district court lacked subject matter jurisdiction because the suit had not been brought within the one-year time limit imposed by § 2614, and that Hardin had failed to state a claim upon which relief could be granted. (RE 32–35). The question presented by this appeal is whether the one-year limitation contained in § 2614 is also jurisdictional or merely an affirmative defense, and whether it is subject to equitable tolling. We hold that the time limitation is a jurisdictional prerequisite to suit and as such not subject to equitable tolling.

I.

Congress enacted the Real Estate Settlement Procedures Act in 1974 "to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the [real estate] settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Among the Act's provisions is § 2607(b) [1] which prohibits the sharing of real estate settlement fees other than for services actually performed. In addition to fines and imprisonment, the Act creates a private cause of action for violations of § 2607. Persons who pay settlement fees that are subsequently unlawfully split in violation of § 2607(b) may sue those who unlawfully split the fee and recover triple the charged fee. *Id.* § 2607(d)(2). A court may also award costs and attorneys fees. 12 U.S.C. § 2607(d)(5) (Supp. I 1983).

On February 16, 1982, City Title & Escrow Company (City Title) conducted a real estate settlement for Hardin, for which Hardin paid $250.00 in settlement fees. Complaint ¶ 3 (RE 26). Over three years later, Hardin brought suit in the United States District Court for the District of Columbia alleging that City Title unlawfully split this fee with the District-Realty Title Insurance Corporation in violation of 12 U.S.C. § 2607(b). Complaint ¶ 4 (RE 27). Hardin sought triple the charged fee ($750.00), attorneys fees and costs.

The district court in a Memorandum Order held that under § 2614 of the Act the court lacked jurisdiction to consider Hardin's claim and therefore did not reach the merits of the case. *See Passo v. City Title & Escrow Co.,* No. 85–1125 (D.D.C. May 28, 1985) [Available on WESTLAW, DCTU database] (RE 44–47).[2] Hardin had not filed

---

1. 12 U.S.C. § 2607(b) provides:

 No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally relat-

ed mortgage loan other than for services actually performed.

2. The original complaint named two plaintiffs, Janice M. Passo and Robert Hardin. Soon after the case was filed, Passo withdrew as a plaintiff.

his suit until April 10, 1985, nearly three years and two months after the settlement, and the district court found that Hardin had not stated adequate grounds for tolling the filing requirement. *Id.* at 3 (RE 46). Holding that the time limitation of § 2614 was jurisdictional, the district court dismissed Hardin's claim for want of subject matter jurisdiction. *Id.* at 4 (RE 47).

Hardin asserts that the time limitation of § 2614 is *not* jurisdictional, and instead is merely a statute of limitations, an affirmative defense. *See* Appellant's Brief at 4–5. As such, Hardin contends that the one-year limitation is waivable and subject to equitable tolling, and that the district court erred in dismissing his claim because he properly alleged fraudulent concealment which operated to toll the statute of limitations.

### II.

■ In our opinion, the decision of the district court was correct. We interpret the language of the statute to indicate an intent by Congress to make the time limitation contained in § 2614 a jurisdictional requirement. Moreover, because this time limitation is jurisdictional, it is not subject to equitable tolling under the doctrine of fraudulent concealment.

■ In enacting § 2614, the language Congress employed indicates an intent to place a jurisdictional time limitation upon the commencement of actions to recover damages under the Act. Section 2614 establishes identical jurisdictional grounds for both federal and state courts. Because the time limitation contained in § 2614 is an integral part of the same sentence that creates federal and state court jurisdiction, it is reasonable to conclude that Congress intended thereby to create a *jurisdictional* time limitation. The subtitle of the section also indicates Congress's intention that the time limitation be jurisdictional. In enacting § 2614, Congress entitled the section "JURISDICTION OF COURTS." Pub.L. No. 93–534, § 16, 88 Stat. 1724, 1731 (1974). This description of the legislation was not added by the publisher or codifier, but was part of the Act as written and passed by Congress. As such, it constitutes an indication of congressional intent, *see Utah Power & Light Co. v. ICC,* 747 F.2d 721, 727 (D.C.Cir.1984), the most reasonable interpretation of which is that Congress intended the statute to create the courts' "jurisdiction," *i.e.,* a jurisdictional time limitation. Moreover, nothing in the congressional committee reports or floor debates on the legislation contradicts this interpretation of congressional intent.[3]

Section 2614 is identical in all material respects to 15 U.S.C. § 1640(e), the time limitation applicable to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* Section 1640(e) provides:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. . . .

15 U.S.C. § 1640(e). This time limitation has also been held to be jurisdictional.[4]

---

*See* Plaintiff's Notice of Dismissal, No. 25–1125, filed April 17, 1985 (D.D.C.) (RE 31).

**3.** *See* H.R.Rep. No. 1526, 93d Cong., 2d Sess. 14 (1974), U.S.Code Cong. & Admin.News 1974, p. 6546 (Conference Report); H.R.Rep. 1177, 93d Cong., 2d Sess. 15 (1974) (where the "JURISDICTION OF COURTS" subtitle is repeated); S.Rep. No. 866, 93d Cong., 2d Sess. (1974), U.S.Code Cong. & Admin.News 1974, p. 6546; 120 Cong. Rec. 23,549–23,561, 24,926–24,930, 28,260–28,287, 38,580–38,582, 38,583, 39,124–39,129 (1974).

**4.** Moreover, Congress has implicitly recognized that § 1640(e) of the Truth in Lending Act is jurisdictional. As originally enacted, § 1640(e) provided:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Pub.L. No. 90–321, Title I, § 130(e), 82 Stat. 146, 157 (1968). In 1980, this provision was amended to provide further that:

> This subsection does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by

*Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119 (6th Cir.1980).

Section 2614 is distinguishable from a non-jurisdictional statute of limitations. For example, § 15b of Title 15 is a good example of a non-jurisdictional time limitation. Section 15b provides:

> Any action to enforce any cause of action under sections 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued....

15 U.S.C. § 15b (1982). Unlike the "JURISDICTION OF COURTS" subtitle of § 2614, the subtitle that Congress applied to § 15b was "Statute of Limitations." *See* Pub.L. No. 84–137, § 4B, 69 Stat. 282, 282–83 (1955). In addition, § 15b is set apart from the Act's jurisdictional provisions; that is, unlike the time limitation of § 2614, the time limitation of § 15b was not directly tied to the creation of jurisdiction. Thus, § 15b is not jurisdictional, but rather is an affirmative defense, subject to equitable tolling under the doctrine of fraudulent concealment. *See King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154–56 (10th Cir.1981), *cert. denied*, 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982).

### III.

The question remains whether the jurisdictional time limitation of § 2614 is subject to equitable tolling. The Supreme Court has held that the doctrine of equitable tolling "is read into *every* federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) (emphasis added). *See Fitzgerald v. Seamans*, 553 F.2d 220, 228 (D.C.Cir.

1977). It is equally clear, however, that Congress can set jurisdictional time prerequisites to the entertainment of federal claims. Our task, therefore, is to determine whether Congress intended the Act's jurisdictional time limitation to be subject to equitable tolling. *Cf. Jones v. Trans-Ohio Savings Association*, 747 F.2d 1037, 1041 (6th Cir.1984).

 Jurisdictional provisions in federal statutes are to be strictly construed. *Cf. United States v. Tillamooks*, 329 U.S. 40, 45, 67 S.Ct. 167, 169, 91 L.Ed. 29 (1946); *United States v. Central Eureka Mining Co.*, 357 U.S. 155, 178–79, 78 S.Ct. 1097, 1109–10, 2 L.Ed.2d 1228 (1958) (Frankfurter, J., dissenting); *Blackfeather v. United States*, 190 U.S. 368, 376, 23 S.Ct. 772, 775, 47 L.Ed. 1099 (1903); *United States v. Cumming*, 130 U.S. 452, 455, 9 S.Ct. 583, 584, 32 L.Ed. 1029 (1889). This is illustrated by the Supreme Court's opinion in *Finn v. United States*, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128 (1887), where the Court was called upon to construe a federal statute conferring jurisdiction upon the Court of Claims to entertain certain federal causes of action, subject to the limitation that the claim be brought "within six years after the claim first accrues[.]" *Id.* at 229, 8 S.Ct. at 83. The Court found this limitation to be jurisdictional in nature, and that it could be tolled only as expressly provided in the statute itself. *Id.* at 232, 8 S.Ct. at 85. *See also United States v. Wardwell*, 172 U.S. 48, 52, 19 S.Ct. 86, 88, 43 L.Ed. 460 (1898). Where a time limitation is jurisdictional, it must be strictly construed and will not be tolled or extended on account of fraud. *United States ex rel. Nit-*

---

recoupment or set-off in such action, except as otherwise provided by State law.

Pub.L. No. 96–221, Title VI, § 615(d), 94 Stat. 132, 181 (1980). We can infer from this amendment that Congress recognized that the time limitation of § 1640(e) was jurisdictional. Were this time limitation an ordinary statute of limitations, it would have been unnecessary for Congress to amend the statute to specify that the defense of recoupment would survive the running of the time limitation.

[R]ecoupment, being in the nature of a defense arising out of some feature of the trans-

action upon which the plaintiff's action is grounded, is *never* barred by the statute of limitations.... Stated in another way, the defense of recoupment may be asserted even though the claim as an independent cause of action is barred by limitations.

51 Am.Jur.2d *Limitation of Actions* § 77 (1970) (emphasis added). Thus, by its 1980 amendment of § 1640(e), Congress gave the then existing statute the same jurisdictional interpretation as the Sixth Circuit did in *Rust*.

*key v. Dawes*, 151 F.2d 639, 642–44 (7th Cir.1945), *cert. denied*, 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015 (1946).

■ Section 2614 provides no grounds for tolling its time limitation, nor does the Act's legislative history suggest any. Moreover, we interpret *Finn* and *Dawes* as holding that where, as here, a time limitation is jurisdictional, the doctrine of equitable tolling does not apply. Thus, we need not consider Hardin's assertion of fraudulent concealment.

■ Our inquiry in this case is therefore limited to whether his suit was commenced within one year from the date of the occurrence of the alleged violation. Since Hardin's claim accrued more than three years prior to the commencement of this suit, we affirm the order of the district court dismissing Hardin's action.

*Judgment Accordingly.*