884 F.2d 1391
 1989-2 Trade Cases 68,735, 14 Fed.R.Serv.3d 771
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edmond A. ZAREMSKI, Jr., Diane K. ZAREMSKI, Plaintiffs-Appellants,
v.
KEYSTONE TITLE ASSOCIATES, INC., Stahl & Buck, P.C., Craig
E. Buck, Safeco Title Insurance Company of
Maryland, Defendants-Appellees.
 No. 88-2569.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1989.
Decided Aug. 30, 1989.
 
 John William Thyden for appellants.
 Ralph Nicholas Boccarosse, Jr. (Siciliano, Ellis, Dyer & Boccarosse on brief).
 Frank Eugene Brown, Jr. (Charles Stephen Setliff, Wesley G. Marshall, Mays & Valentine on brief) for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Edmond and Diane Zaremski appeal from the district court's orders dismissing their Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. Secs. 2601-2617, claim as time-barred, granting summary judgment to Keystone Title Associates, Craig E. Buck, Esquire, and Stahl & Buck, P.C., on their antitrust claim, 15 U.S.C. Sec. 1, dismissing their fraud claim against Safeco Title Insurance Company with prejudice, and imposing sanctions on their attorney in favor of Safeco. We find no error in the district court's decisions and affirm.
 
 
 2
 On July 30, 1986, the Zaremskis settled on the purchase of a house in the Seneca Ridge Development in Northern Virginia. Prior to that date, they had chosen Buck, whose firm handled settlements on approximately 172 of the 183 lots in the development, to act as their settlement attorney and had allowed him to make all the title insurance arrangements. As part of the settlement, the Zaremskis paid a fee of $165 to Stahl & Buck for title examinations, $85 to Dominion Title Insurance Agency for a title insurance binder, and $427 to Safeco as a title insurance premium. Unknown to the Zaremskis, $320.60 of the title insurance premium was paid by Stahl & Buck, with the approval of Safeco, to Keystone, a company whose stock Buck held in trust for his children and from which he received compensation of $87,775 in 1986. The Zaremskis were also unaware that they were overcharged for the insurance binder fee.*
 
 
 3
 On December 3, 1987, approximately sixteen months after the settlement, the Zaremskis filed suit against Buck, Stahl & Buck, Safeco, and Keystone. Count II alleged fraud on the part of Safeco. Count III alleged an illegal tying arrangement on the part of Buck, Stahl & Buck, and Keystone in violation of section one of the Sherman Act, 15 U.S.C. Sec. 1. An additional count, also styled "Count II," alleged that the payment to Keystone was a fee division "other than for services actually performed" in violation of RESPA, 12 U.S.C. Sec. 2607(b). The remaining counts alleged fraud, breach of fiduciary duty, and unjust enrichment on the part of Buck. Jurisdiction for the fraud count against Safeco was based on diversity of citizenship, and jurisdiction for the antitrust and RESPA counts was based on federal question jurisdiction. The remaining counts were pendent.
 
 
 4
 The district court ordered the RESPA count dismissed as time-barred under 12 U.S.C. Sec. 2614. It also ordered the Zaremskis to file an amended fraud count stating with particularity the elements of fraud with respect to Safeco. After the amended count was filed, the district court ordered it dismissed with prejudice and ordered the Zaremskis' counsel to pay Safeco sanctions of $500. Finally, after the parties had filed stipulations of facts and cross-motions for summary judgment, the district court granted summary judgment to the defendants on the antitrust count and dismissed the pendent counts without prejudice.
 
 
 5
 The Zaremskis first argue that the district court erred in dismissing the Zaremski's RESPA count as time-barred under its one-year statute of limitations. See 12 U.S.C. Sec. 2614. The Zaremskis contended below and contend here that the limitations period ought to be tolled by the defendant's fraudulent concealment of the fee division. The district court, relying on Hardin v. City Title & Escrow Co., 797 F.2d 1037 (D.C.Cir.1986), found that the time limit was jurisdictional and not subject to tolling. In Hardin, the Court of Appeals for the District of Columbia Circuit examined the structure of the statute together with its legislative history and concluded that Congress intended the time limit to be absolute. Id. at 1039-1040. Recognizing that the doctrine of equitable tolling "is read into every federal statute of limitations," Id. at 1040 (quoting Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)), the D.C.Circuit nevertheless concluded that jurisdictional limitations periods are to be construed strictly and, finding no evidence of a congressional intent to allow tolling, held that the doctrine was not applicable to Sec. 2614. We are not persuaded to disagree with the D.C. Circuit's reasoning in Hardin and affirm the district court's dismissal of the RESPA count.
 
 
 6
 In their antitrust count, the Zaremskis recounted the facts of the settlement and the fee arrangements and alleged that Stahl & Buck had performed all of the settlements in the Seneca Ridge development, that the settlements gave rise to approximately $45,000 in fees to Keystone, and that the defendants and Dominion had acted to conceal the existence of Keystone and the fee arrangements with Dominion and Safeco. It alleged that these circumstances evidenced an illegal tying arrangement in violation of section one of the Sherman Act, 15 U.S.C. Sec. 1.
 
 
 7
 The district court found that the sale of legal services by Stahl & Buck was not conditioned on the purchase of title insurance from a specific insurer and that the sale of houses in the Seneca Ridge development was not conditioned on the hire of Stahl & Buck as settlement attorneys. Further, it found that the Zaremskis were aware of their right to choose different attorneys and/or insurers yet chose Stahl & Buck and chose to allow Stahl & Buck to choose an insurer. Given these undisputed findings, we agree with the district court that the Zaremskis have failed to even plead the existence of a tying arrangement, i.e., that the sale of one product was conditioned on the sale of another. See Jefferson Parish Hospital District No. 2 v. Hyde, 466 U.S. 2, 9, 18 (1984); Northern Pacific Railway Co. v. United States, 356 U.S. 1, 5-6 (1958).
 
 
 8
 The Zaremskis next allege that the district court erred in dismissing their amended fraud count against Safeco. Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be specific enough to give defendants sufficient notice of the particular misconduct that is alleged to constitute fraud so that they can defend against the charge. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985). Thus, "where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." DiVittorio v. Equidyne Extractive Industries, 822 F.2d 1242, 1247 (2d Cir.1987).
 
 
 9
 In a diversity case such as this, of course, the elements of fraud which must be pled are controlled by state law. Under Virginia law, fraud requires "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Winn v. Aleda Construction Co., 315 S.E.2d 193, 195 (Va.1984). The amended complaint sufficiently pleads these elements with respect to other defendants but not with respect to Safeco. The Zaremskis allege that Safeco had knowledge of an arrangement between Keystone and Dominion under which those two defendants charged an insurance premium of $85.00 rather than the normal $60.00 premium but did not allege that Safeco played any part in perpetuating the alleged fraud.
 
 
 10
 On appeal, the Zaremskis contend that Safeco is liable to them either as a joint tortfeasor or because it retained the benefits of its agents' activities, i.e., that it benefitted from Buck and Stahl & Buck's actions. The complaint, however, fails to allege a relationship between Safeco and the Zaremskis giving rise to a duty to disclose, and it does not contain any allegation of an agency relationship between the other defendants and Safeco. Indeed, the fraud count itself alleges that Buck was the Zaremskis' agent and thus under a fiduciary duty to them. Further, the agency theory was only advanced during motion proceedings, well after the Zaremskis were given the opportunity to amend their complaint to meet the requirements of rule 9(b). We agree with the district court that the amended complaint fails to plead fraud with sufficient particularity to give Safeco notice of the charge against it.
 
 
 11
 The Zaremskis next contend that the district court erred in imposing sanctions in the amount of $500 against their attorney. The district court based its decision on the fact that the attorney had twice failed to plead fraud with particularity against Safeco despite being given the opportunity to amend the complaint for that purpose and thus had subjected Safeco to the costs of prosecuting two motions to dismiss. Further, the district court found that Safeco reasonably read the poorly drafted antitrust count as applying to it and had incurred costs in defending against that count as well.
 
 
 12
 A district court's award of sanctions under rule 11 will only be reversed for an abuse of discretion. Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir.1987). The purpose of rule 11 is to prevent the filing of groundless lawsuits. Id. at 988. An attorney violates the rule if he signs a pleading without making a reasonable inquiry into whether "it is well grounded in fact and is warranted by existing law ... [and] that it is not interposed for any improper purpose, such as ... to cause unnecessary delay or needless increase in the cost of litigation." Reasonable inquiry is particularly important when a complaint alleges fraud because even mere "allegations of such serious wrongdoing may substantially harm a defendant's reputation and goodwill." Goldman v. Beldon, 580 F.Supp. 1373, 1381 (W.D.N.Y.1984). Although the district court provisionally denied the first motion to dismiss, the Zaremskis' attorney was clearly on notice that he would have to show with considerably more specificity how Safeco could be held liable to the Zaremskis for fraud.
 
 
 13
 In view of the above, the judgment of the district court is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 *
 According to the Zaremskis' complaint, a normal binder fee is sixty dollars plus a percentage of the title insurance premium