**30**

ELECTROMEDICAL PRODUCTS
INTERNATIONAL, INC., et
al., Plaintiffs,

v.

David KESSLER, Commissioner, U.S.
Food and Drug Administration,
et al., Defendants.

Civil No. 96–2673 (TPJ).

United States District Court,
District of Columbia.

Jan. 10, 1997.

Daniel Gordon Jarcho, McKenna & Cuneo, L.L.P., Washington, DC, for Plaintiffs.

Drake Stephen Cutini, U.S. Department of Justice, Office of Consumer Litigation, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER
JACKSON, District Judge.

### I.

Plaintiffs Electromedical Products International ("EPI") and Lawrence Paros have marketed a controversial medical device, known as a "cranial electrotherapy stimulator" (or "CES"), for many years.[1] Under

---

1. The CES is allegedly used only by "licensed professionals" to treat anxiety or depression by

the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, medical devices are assigned to one of three classes depending on the potential risks they pose. In September, 1979, the defendant U.S. Food and Drug Administration ("FDA") assigned the CES to Class III, the most stringently regulated. Only Class III devices, which present a potentially unreasonable risk of illness or injury, must receive premarket approval from the FDA. 21 U.S.C. §§ 360e(a), (c)(1).

In August, 1993, the FDA gave notice of proposed rulemaking by which it intended to require all CES vendors to submit applications for premarket approval but permit them to continue selling the product while the FDA determined its safety and effectiveness. Some vendors then sought reclassification of the devices to a lower category by a "request" submitted pursuant to 21 U.S.C. §§ 360e(b)(2)(B). Plaintiff Paros assisted in the preparation of such a request by a Dale Densley (although he did not join in it), which the FDA denied by letter to Densley alone in August, 1994, without notifying Paros.

In August, 1995, the FDA published a final rule requiring that premarket approval be obtained for the CES if any vendors wished to keep the product on the market at all. Rather than preparing his own premarket approval application, Paros then ceased marketing his own CES and joined forces with EPI, which did ultimately decide to run the gauntlet of the FDA approval process.

Paros and EPI allege that they have recently been given preliminary notice by the FDA that they will be denied premarket approval by January 28, 1997, in consequence of which they have filed this action. In substance they contend that the FDA's denial of Densley's reclassification request in August of 1994 was wrongful and ask for appropriate declaratory and injunctive relief. They also pray for a preliminary injunction, of which the most important component

would be an order allowing them to continue sales of the CES *pendente lite*. Defendant FDA opposes the motion for a preliminary injunction and moves to dismiss the complaint for, *inter alia,* failure of subject matter jurisdiction.[2]

The principal dereliction with which plaintiffs charge the FDA is its failure to refer the Densley reclassification request to an advisory panel of experts which, they say, is mandatory under 21 U.S.C. §§ 360e(b)(2)(B). (The FDA responds that, notwithstanding a literal reading of the statute may suggest such a conclusion, the agency is elsewhere in the statute given discretion to establish minimum quantitative and qualitative criteria to justify the submission of a request to an advisory panel.)

Plaintiffs also fault the FDA for its failure to publish the "order" of denial of the Densley request (expressed only in its letter of August 23, 1994, to Densley) in the Federal Register. Invoking the Administrative Procedures Act ("APA") plaintiffs contend that the denial of the reclassification request must be set aside as having occurred "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

## II.

◼ Title 21 U.S.C. § 360g(a)(3) makes decisions of the FDA appealable, if at all, to the U.S. Court of Appeals for the District of Columbia Circuit. Under now well-settled law, such specific grants of appellate jurisdiction are deemed exclusive, foreclosing resort to the general right of judicial review afforded by the APA. *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70 (D.C.Cir.1984) ("*TRAC* "). Plaintiffs contend that the instant case represents a recognized exception to the *TRAC* doctrine that allows a district court to take jurisdiction in those very limited circumstances in which an agency has clearly violated an express statutory command and an aggrieved party has no

---

applying an electrical current across a patient's brainstem.

**2.** FDA also disputes plaintiffs' standing to maintain the action (neither of them having been a party to the Densley reclassification request pro-

ceeding) and the ripeness of the issues raised for judicial resolution at present, no final agency action having yet been taken on plaintiffs' premarket approval application.

alternative means of review. *Id.* at 78. Plaintiffs say they have "no alternative means of review" here, because the 30–day period within which an appeal must be taken to the D.C. Circuit under 21 U.S.C. § 360g(a)(3) has long since expired with respect to any infirmities in the decision denying the Densley reclassification request.

 But the absence of an "alternative means of review" which the *TRAC* case acknowledges may admit of district court jurisdiction in certain circumstances does not contemplate an alternative that was once available but has been forfeited by a prospective appellant's lack of expedience in pursuing it. The *TRAC* doctrine extends to "any suit seeking relief that might affect the Circuit Court's future jurisdiction," 750 F.2d at 78, as this case would surely do if plaintiffs were to prevail, and it is fundamental that a district court may not substitute its jurisdiction for that of the court of appeals where the reason for invoking it is to circumvent the court of appeals' time limit. *See Independent Cosmetic Manufacturers and Distributors, Inc. v. Department of HEW,* 574 F.2d 553, 556 (D.C.Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978).

Paros and EPI claim they were unaware that Densley's reclassification request had been denied, because the FDA did not publish the decision, and they remained in ignorance until alerted to it in August, 1995, with the publication of the final rule.[3] Excusable as plaintiffs' inaction may be, however, both sides agree that the D.C. Circuit has not to date accepted the doctrine of equitable tolling to extend a jurisdictional time limit, *see Hardin v. City Title & Escrow Co.,* 797 F.2d 1037, 1039 (D.C.Cir.1986), and a district court has no license to relieve tardy appellants of the consequences of their untimeliness.

For the foregoing reasons the Court concludes that it is without subject matter jurisdiction to entertain this case, and it is, this 10th day of January, 1997,

ORDERED, that plaintiffs' motion for a preliminary injunction is denied, and defendants' motion to dismiss is granted; and it is

FURTHER ORDERED, that the complaint is dismissed without prejudice.

---

**3.** Even then, however, they made no attempt to appeal it and have not done so to date.