Susanne H. RAMADAN, on behalf of herself and others similarly situated, Plaintiff,

v.

THE CHASE MANHATTAN CORP. and The Hyundai Motor Finance Co., Defendants.

Civil Action No. 96–3791 (MTB).

United States District Court, D. New Jersey.

April 29, 1997.

Goldstein, Lite & Depalma by Allyn Z. Lite, Newark, NJ, for Plaintiff.

Reed, Smith, Shaw & McClay by Andrew P. Napolitano, Newark, NJ, for Defendant The Chase Manhattan Corp.

Shanley & Fisher, P.C. by Walter J. Fleischer, Jr., Morristown, NJ, for Defendant Hyundai Motor Finance Co.

## *OPINION*

BARRY, District Judge.

Defendants The Chase Manhattan Corporation ("Chase") and The Hyundai Motor Finance Co. ("Hyundai") (or, collectively, "defendants") have moved to dismiss the complaint of plaintiff Susanne H. Ramadan, brought on behalf of herself and all others similarly situated, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).[1] For the following reasons, that motion will be granted.

### I.

The facts of this case are uncomplicated and undisputed. On May 6, 1993, plaintiff purchased a 1990 Hyundai Excel from Bob Ciasulli Hyundai, Inc. ("Ciasulli") for $4,041.04. In conjunction with the purchase of her car, plaintiff also purchased an extended warranty contract for $998.00, and financed both the car and the extended warranty through a Retail Installment Contract ("RIC"), which Ciasulli contemporaneously assigned to Hyundai and Chemical Bank, N.A.[2]

Plaintiff appears to have signed three similar, albeit not identical, RICs in connection with her loan. The RICs, each in a slightly different fashion, itemized the amounts financed by plaintiff, including the $998.00 for the extended warranty, which was to be paid to a third party on plaintiff's behalf. One RIC indicated that $998.00 would be paid "To Transcapital." Another RIC contained a category entitled "OTHER CHARGES (Amounts Paid to Others on Your Behalf)," with another line, within that category, labeled "To Others," on which the words "EX-TENDED WARRANTY $998.00" were typed. The third RIC was entitled "Other Charges Including Amounts Paid to Others on Your Behalf" and had a subcategory entitled "Service Contract," next to which the amount $998.00 was inserted.

Plaintiff contends that, however presented, only a "portion" of the $998.00 was paid to a third party on her behalf for an extended warranty, and that the balance was retained by or paid to Ciasulli as a "commission" or "finder's fee." Complaint at ¶ 11. By failing to disclose accurately and truthfully the amounts paid to third parties on her behalf, plaintiff contends that defendants violated the Truth In Lending Act ("TILA"), 15 U.S.C. § 1638(a)(2)(B)(iii).[3] As a result, plaintiff commenced this action on August 12, 1996. The issue before this court is whether it has subject matter jurisdiction over plaintiff's TILA claim. As noted above, it does not.

### II.

While the facts of this case do not bring a tear to one's eye, the TILA does, in fact, require a lender to disclose the amount of money borrowed "that is or will be paid to third persons by the creditor on the consumer's behalf, together with an identification of or reference to the third person." 15 U.S.C. § 1638(a)(2)(B)(iii). It further states that

[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation.*

15 U.S.C. § 1640(e) (emphasis added)

Defendants contend that this court lacks subject matter jurisdiction over plaintiff's TILA claim because plaintiff did not file her complaint "within one year from the date of the occurrence of the [alleged] violation," i.e., within one year of May 6, 1993, as required

---

1. Defendants move, in the alternative, to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). Given the court's ruling on the 12(b)(1) motion, the court need not and, therefore, will not address the 12(b)(6) motion.

2. On March 31, 1996, Chase acquired Chemical Bank, the parent of Chemical Bank, N.A., and thereafter merged the respective auto financing divisions. Chase and Chemical Bank, N.A. are referred to collectively as "Chase."

3. Plaintiff also sets forth three state law causes of action, which, given this court's determination on the TILA claim, need not and, thus, will not be reached.

under § 1640(e). Plaintiff posits that she filed her TILA claim in a timely fashion because the limitations provision contained in § 1640(e) was tolled during the period in which defendants concealed the true cost of the extended warranty.

 While it is well-settled that the doctrine of equitable tolling "is read into every federal *statute of limitations,*" *Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) (emphasis added), "[i]t is equally clear ... that Congress can set jurisdictional time prerequisites to the entertainment of federal claims." *Hardin v. City Title & Escrow Co.,* 797 F.2d 1037, 1040 (D.C.Cir.1986). Thus, as described by the court in *Fenton v. Citizens Sav. Ass'n,* 400 F.Supp. 874 (W.D.Mo.1975), there is a distinct difference between jurisdictional time limitations and ordinary statutes of limitations:

> Statutes of Limitations are distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. A true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself. The limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only on the remedy but of the right also. The right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever.

*Id.* at 879 n. 6 (citing 51 Am.Jur.2d, *Limitations of Actions* § 15). *See also First Sav. & Loan Ass'n v. First Federal Sav. & Loan Ass'n of Hawaii,* 547 F.Supp. 988, 995–96 (D.Haw.1982).

 Stated otherwise, if a time limitation is "jurisdictional," it must be "strictly con-

strued." *Hardin,* 797 F.2d at 1040 (citing *United States v. Alcea Band of Tillamooks,* 329 U.S. 40, 45, 67 S.Ct. 167, 169–70, 91 L.Ed. 29 (1946); *United States v. Central Eureka Mining Co.,* 357 U.S. 155, 178–79, 78 S.Ct. 1097, 1109–10, 2 L.Ed.2d 1228 (1958) (Frankfurter, J., dissenting); *Blackfeather v. United States,* 190 U.S. 368, 376, 23 S.Ct. 772, 775, 47 L.Ed. 1099 (1903); *United States v. Cumming,* 130 U.S. 452, 455, 9 S.Ct. 583, 584, 32 L.Ed. 1029 (1889)). Consequently, "non-compliance [with such a limitation] bars an action regardless of the equities in a given case," *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994), *unless* equitable tolling is "expressly provided [for] in the statute itself." *Hardin,* 797 F.2d at 1040 (citing *Finn v. United States,* 123 U.S. 227, 233, 8 S.Ct. 82, 85, 31 L.Ed. 128 (1887)). *See also Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990) (holding that equitable tolling doctrines do not apply "to a jurisdictional statute of limitations") (citing *Hardin,* 797 F.2d at 1040–41), *cert. denied,* 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991); *Shendock v. Director, Office of Workers' Compensation Programs,* 893 F.2d 1458, 1466–67 (3d Cir.) ("Equitable tolling or estoppel simply is not available when there are jurisdictional limitations") (citations omitted), *cert. denied,* 498 U.S. 826, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990); *Hardin,* 797 F.2d at 1040–41 ("Where a time limitation is jurisdictional, it must be strictly construed and will not be tolled or extended on account of fraud") (citing *United States ex rel. Nitkey v. Dawes,* 151 F.2d 639, 642–44 (7th Cir.1945), *cert. denied,* 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015 (1946)).

 This court, therefore, must decide whether the limitations provision contained in § 1640(e) is jurisdictional or merely a statute of limitations subject to equitable tolling, an issue of first impression in this circuit.[4] The fundamental inquiry in deciding whether a particular limitations provision is jurisdictional is whether Congress intended it to be so. *Hardin,* 797 F.2d at 1040–41; *King v.*

---

4. In *Bartholomew v. Northampton Nat'l Bank,* 584 F.2d 1288, 1296–97 (3d Cir.1978), the Court of Appeals for the Third Circuit declined to address whether equitable tolling was permissible because "no arguable basis exist[ed] for plain-

tiff's fraudulent concealment contention." And, of course, the Third Circuit did not address the issue in terms of a subsequent 1980 amendment to the TILA, which clarifies what Congress intended when it originally enacted the statute.

*California,* 784 F.2d 910, 914–15 (9th Cir. 1986), *cert. denied,* 484 U.S. 802, 108 S.Ct. 47, 98 L.Ed.2d 11, *reh'g denied,* 484 U.S. 971, 108 S.Ct. 474, 98 L.Ed.2d 412 (1987); *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1040–41 (6th Cir.1984).

Each side has emphasized the jurisprudence of the Court of Appeals for the Sixth Circuit on this issue. In *Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980), upon which defendants rely, the Sixth Circuit, in construing the time limitation contained in § 1640(e), held that "jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as substantive sense." *Id.* at 1119. Consequently, the court also held that, "[i]f a complaint is not filed within the time period prescribed by 15 U.S.C. § 1640(e), a federal court has no *jurisdiction* to entertain it." *Id.* (emphasis added).

In *Jones,* upon which plaintiff relies, the Sixth Circuit attempted to distinguish *Rust* for equitable tolling purposes. 747 F.2d at 1041–42. In doing so, the *Jones* court did not take issue with the *Rust* court's holding that the time limitation in § 1640(e) is jurisdictional.[5] Instead, the court in *Jones* distinguished *Rust* on the basis that *Rust* addressed only the narrow question of "jurisdiction to hear claims under the TILA in the *absence* of allegations of fraudulent concealment meriting application of equitable tolling." *Jones,* 747 F.2d at 1042 (emphasis added).

The *Jones* court's reasoning in attempting to distinguish *Rust* is unpersuasive, if not flawed. *Rust* held that the limitations provision contained in § 1640(e) was "jurisdictional." *Rust,* 614 F.2d at 1119. Having done so, there was no legitimate reason for the *Jones* court even to consider whether equitable tolling applied to § 1640(e) because jurisdictional time limitations, unlike ordinary statutes of limitations, cannot be tolled mere-

ly because allegations of fraudulent concealment have been raised. *Oshiver,* 38 F.3d at 1387; *Cada,* 920 F.2d at 451; *Shendock,* 893 F.2d at 1466–67; *Hardin,* 797 F.2d at 1040–41 (citing *Dawes,* 151 F.2d at 642–44; *Finn,* 123 U.S. at 233, 8 S.Ct. at 85). In any event, this court is not bound by Sixth Circuit precedent, whatever that precedent may be.

The Court of Appeals for the Ninth Circuit also has held that the limitations provision contained in § 1640(e) can be equitably tolled. *King,* 784 F.2d at 914–15. In doing so, however, that court (as well as *Jones* and several other courts that have similarly held that equitable tolling applies to § 1640(e)), based its decision largely on the general remedial purpose of the TILA rather than on the evidence of Congress's intent in the statute itself and in a 1980 amendment to the statute. *See, e.g., Diehl v. ACRI Co.,* 910 F.Supp. 439, 442 (C.D.Ill.1995); *Bermudez v. First of America Bank Champion. N.A.,* 860 F.Supp. 580, 599 (N.D.Ill.1994), *withdrawn,* 886 F.Supp. 643 (N.D.Ill.1995); *Davis v. Edgemere Fin. Co.,* 523 F.Supp. 1121, 1125 (D.Md.1981); *Hamilton v. Ohio Sav. Bank,* 70 Ohio St.3d 137, 637 N.E.2d 887, 889 (1994), *cert. denied, Ohio Sav. Bank v. Hamilton,* 513 U.S. 1113, 115 S.Ct. 905, 130 L.Ed.2d 788 (1995).

Much more persuasive to this court because of its convincing analysis of congressional intent is the decision of the Court of Appeals for the D.C. Circuit (Judge MacKinnon writing for a panel comprised of himself, Judge Bork and now-Justice Scalia). The court explained, albeit in dicta, why the time limitation in § 1640(e) is jurisdictional and cannot be equitably tolled:

Congress has implicitly recognized that § 1640(e) of the Truth in Lending Act is jurisdictional. As originally enacted, § 1640(e) provided:

---

**5.** The Sixth Circuit cited *Rust* with approval on several occasions after its decision in *Jones. See, e.g., Allgood v. Elyria United Methodist Home,* 904 F.2d 373, 374–76 (6th Cir.1990); *In re Butcher,* 829 F.2d 596, 600 (6th Cir.1987), *cert. denied, Martin v. First Nat'l Bank,* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988); *Hilliard v. United States Postal Serv.,* 814 F.2d 325, 327 (6th Cir.1987). In *Bartlik v. United States Dep't*

*of Labor,* the Sixth Circuit, sitting *en banc,* held that its previous understanding of certain computation of time rules as applied to jurisdictional time limitations, as explained in *Rust, Butcher,* and *Hilliard,* was erroneous. 62 F.3d 163, 166 (6th Cir.1995). *Bartlik* did not, however, abrogate the holding in *Rust* that § 1640(e) was a jurisdictional time limitation.

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Pub.L. No. 90–321, Title I, § 130(e), 82 Stat. 146, 157 (1968). In 1980, this provision was amended to provide further that:

This subsection does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Pub.L. No. 96–221, Title VI, § 615(d), 94 Stat. 132, 181 (1980). *We can infer from this amendment that Congress recognized that the time limitation of § 1640(e) was jurisdictional. Were this time limitation an ordinary statute of limitations, it would have been unnecessary for Congress to amend the statute to specify that the defense of recoupment would survive the running of the time limitation.*

[R]ecoupment, being in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded, is *never* barred by the statute of limitations .... Stated in another way, the defense of recoupment may be asserted even though the claim as an independent cause of action is barred by limitations.

51 Am.Jur.2d *Limitations of Actions* § 77 (1970) (emphasis added). Thus, by its 1980 amendment of § 1640(e), Congress gave the then existing statute the same jurisdictional interpretation as the Sixth Circuit did in *Rust.*

*Hardin,* 797 F.2d at 1039–40 n. 4 (emphasis added).[6]

This court agrees. Because Congress amended the statute to provide that the TILA could be asserted as a defense to a collection action brought more than one year

from the date of the TILA violation (which it could have been in the first instance had § 1640(e) been an ordinary statute of limitations), it is clear to this court that Congress intended the limitations provision in § 1640(e) to be jurisdictional. Were it otherwise, there would have been no reason for the amendment. Moreover, because Congress did not similarly amend § 1640(e) as applied to an affirmative TILA claim or even mention equitable tolling, this court sees no "legitimate" reason for finding that equitable tolling applies.

■ As noted earlier, non-compliance with a jurisdictional time limitation bars an action regardless of the equities unless equitable tolling is expressly provided for in the statute itself—which here it is not. Furthermore, although the mere fact that a limitations provision appears in the same sentence as the provision creating the substantive right does not, in and of itself, *require* the conclusion that the limitations provision is jurisdictional, *see Davis,* 523 F.Supp. at 1125 (finding that equitable tolling applies to § 1640(e), but failing to consider the import of the 1980 amendment) (citations omitted), it indeed lends support to such a conclusion, *see Rust,* 614 F.2d at 1119; *Fenton,* 400 F.Supp. at 879, particularly when "the right being asserted is one unknown to the common law." *Chicago Truck Drivers, Helpers and Warehouse Workers Union v. Van Vorst Indus., Inc.,* 800 F.Supp. 587, 592 (N.D.Ill.1992) (quoting *Smith v. City of Chicago Heights,* 951 F.2d 834, 838 (7th Cir.1992)).

Unlike state courts, federal courts are courts of limited jurisdiction. As such, it is axiomatic that a federal court is not at liberty to disregard the jurisdictional limitations imposed by Congress. Given that Congress intended the time limitation in § 1640(e) to be jurisdictional and did not otherwise provide for equitable tolling in the statute itself, equitable tolling is not applicable to the limitations provision contained in § 1640(e). Accordingly, because plaintiff's complaint was

---

**6.** Wholly aside from the effect of the 1980 amendment on whether the time limitation of § 1640(e) was or was not jurisdictional, the *Hardin* court held that, "[b]ecause the time limitation contained in [12 U.S.C.] § 2614 is an in-

tegral part of the same sentence that creates federal and state court jurisdiction, it is reasonable to conclude that Congress intended thereby to create a *jurisdictional* time limitation." *Id.* at 1039.

filed more than three years after the alleged TILA violation, and not within the required one year, her TILA claim must be dismissed. Furthermore, because no reason exists to exercise supplemental jurisdiction over plaintiff's state law claims, those claims also must be dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

## III.

For the reasons discussed herein, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is hereby granted.

### *ORDER*

This matter having come before the court on the motion of defendants The Chase Manhattan Corporation and The Hyundai Motor Finance Co. to dismiss the complaint of plaintiff Susanne H. Ramadan, brought on behalf of herself and all others similarly situated, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6); and the court having reviewed the submissions of the parties without oral argument pursuant to Fed.R.Civ.P. 78; and for the reasons expressed in this court's opinion of even date;

IT IS on this 29th day of April, 1997 hereby

ORDERED that defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction be and hereby

ORDERED that plaintiff's complaint be and hereby is dismissed.