HILL, Senior Circuit Judge,
specially concurring:
I concur in the judgment of the panel in that it affirms the dismissal of the complaint by the district court. I write specially for the following reasons.
The district court dismissed the complaint on two grounds: (1) that it was time-barred by the jurisdictional limitation period of Section 1640(e); and, (2) that it failed to state a claim of assignee liability under Section 1641(a). If the liability of the assignee issue can be affirmed, in my view, we need not reach the jurisdiction question.
Let us assume, however, that we must decide the jurisdictional issue of equitable tolling. In my opinion, we are bound by the precedential authority of Hill v. Texaco, 825 F.2d 333 (1987), unless and until told otherwise by an en banc panel of this circuit or the Supreme Court of the United States. Unlike the panel’s opinion, I do not read Hill to be “inapposite” to the circumstances here.
Furthermore, I adhere to the reasoning of Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1039-40 & n. 4 (D.C.Cir.1986), premised upon an analysis of congressional intent surrounding a 1980 amendment to the TILA, that Section 1640(e) is jurisdictional in nature and cannot be equitably tolled. In short, the TILA is a statute of repose.
I would affirm on the basis of the judgment of the district court. I think it got it right all the way.