[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10708
Non-Argument Calendar
_____

D. C. Docket No. 06-00091-CV-3-MEF-WC

GEORGE D. MCCARLEY,

Plaintiff-Appellant,

versus

KPMG INTERNATIONAL, et al.,

Defendants,

HOUSEHOLD FINANCE CORPORATION III,
HSBC FINANCE CORPORATION,
HSBC GROUP CORPORATION,
HOUSEHOLD INTERNATIONAL, INC.,
HSBC MORTGAGE SERVICES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(September 15, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

George McCarley, proceeding pro se, appeals the district court's grant of summary judgment in his action alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, arising from the foreclosure of his home. For the reasons stated below, we affirm.

## BACKGROUND

This case involves fifteen consolidated cases filed pro se by McCarley in January 2006, in connection with the foreclosure of his home in 2004.[1] In his amended complaint, McCarley named nine individuals and six corporations, including Household Financial Corporation, III[2] ("HFC III"), HSBC Finance Corporation, HSBC-Gr. Corporation, Household International, Inc., and HSBC

---

[1] The underlying facts relevant to this case are as follows: In 2000, McCarley obtained a mortgage on the family property with Homesense Financial Services, which immediately sold the mortgage to Household Financial Services. In early 2001, McCarley apparently sought to refinance or obtain additional financing on the property with Household Financial Services, but that entity was designed to service loans; it did not originate loans. Unsatisfied with this situation, McCarley submitted written complaints to the state attorney general's office in January and February 2001, alleging various frauds and improper conduct on the part of Household Financial Services. Household Financial Services responded to the letters in February and March, 2001, respectively. Household Financial Services later merged into Household Financial Corporation. When Household Financial Corporation's parent company merged with HSBC, the name changed to HSBC Mortgage Services. This represented a change in name only and not in corporate form. In 2003, McCarley defaulted on the loan. In 2004, the mortgage was sold to a company called MERS, which foreclosed on McCarley's property. McCarley unsuccessfully challenged the foreclosure action in state court. The instant civil action followed.

[2] Household Financial Corporation III is also referred to at times as Household Finance Corporation III, Household Financial Corporation or Household Finance Corporation.

Mortgage Services, Inc. (hereinafter "the defendants"). McCarley originally made general allegations against all fifteen named defendants. On recommendation from the magistrate judge, however, the district court dismissed all claims other than the RESPA claims against the five defendants listed above.[3]

The district court instructed McCarley to file a concise statement regarding the remaining claims. McCarley filed a response, asserting disclosure violations under RESPA. According to McCarley, the defendant failed to notify him when the mortgage was reassigned, failed to disclose the involvement of HSBC and HFC III, failed to disclose all charges associated with servicing the mortgage, and failed to correct the errors upon notification within the time required by RESPA. He further alleged that the defendants committed fraud to cover up the violations.

The defendants moved for summary judgment, asserting that only HSBC Mortgage Services was involved with servicing the loan, and the other four defendants were due to be dismissed. They also argued that the claims against HSBC Mortgage Services were barred by the three-year statute of limitations, as the alleged violations occurred in 2000 when the mortgage was initiated and in 2001 when McCarley filed his written complaint with the state attorney general's office, but the complaint was not filed until 2006. In support of the motion, the defendants submitted an affidavit from HSBC Mortgage Services's compliance

---

[3] McCarley has not challenged the dismissal of his other claims.

analyst Dana St. Clair-Hougham, who explained that Household Financial Services obtained the loan in 2000 and had been servicing the loan since. According to the affidavit, Household Financial Services changed its name to HSBC Mortgage Services; there was no change in corporate form and the loan had not been transferred. St. Clair-Hougham confirmed that none of the other four defendants had been involved in servicing the loan.

McCarley opposed summary judgment, disputing that the mortgage had not been transferred and reiterating that the defendants had perpetrated numerous lies to hide their conduct. He then asserted that equitable tolling should apply due to the defendant's fraud. In support of his claims, McCarley submitted copies of letters he had written to the state attorney general in January and February 2001 complaining of the foreclosure and RESPA violations, the defendant's response to those complaints in February and March 2001, and an undated letter explaining that Household Financial Services had purchased his loan.[4]

The magistrate judge recommended granting summary judgment because only the company that serviced the loan was liable for violations under RESPA, McCarley alleged that HFC III violated RESPA, and HFC III was not responsible for servicing the loan. The magistrate judge further found that McCarley could not attribute liability for HSBC Mortgage Service's conduct to HFC III because

---

[4] According to other documentation, this purchase occurred in June 2000.

RESPA did not provide for liability to parent or subsidiary companies.

McCarley objected to the recommendation and argued that the consolidation of his multiple cases resulted in his RESPA claims having been raised against all defendants. The district court adopted the recommendation over McCarley's objections, and granted summary judgment. McCarley timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, and answers to interrogatories, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

## DISCUSSION

Liberally construing McCarley's brief,[5] he asserts that the district court erred by failing to consider that his cases had been consolidated, meaning that the claims he raised were relevant to all defendants even if not specifically named in the allegations. He contends that the five defendants are all part of the same

---

[5] We must liberally construe the pleadings of pro se parties. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

5

corporation, and thus are all liable for the violations. McCarley contends that the court did not apply the proper standard of review, ignored his evidence and considered evidence in the light most favorable to the defendants. He further argues that the case was not barred by the statute of limitations because equitable tolling applied due to the defendants' fraud and concealment. Finally, he urges this court to initiate criminal proceedings against the defendants and requests that the court vacate the "illegal" foreclosure.

In an effort to provide consumers with more information on the nature and costs of real estate transactions, and to prevent consumers from falling prey to abuses and unnecessarily high costs, Congress enacted RESPA. 26 U.S.C. § 2601. RESPA provides for certain disclosure requirements to be followed by the entities or persons responsible for servicing a federally related mortgage loan, including disclosures of any assignment, sale, or transfer of the loan. 12 U.S.C. § 2605(a), (b). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). The person who makes the loan need not be the same as the person responsible for servicing the loan. See 12 U.S.C. § 2605(i)(2) (defining

6

servicer to "includ[e] the person who makes or holds a loan if such person also services the loan."). RESPA also requires the loan servicer to respond to inquiries and complaints and make corrections within sixty days of the receipts of a "qualified written request." 12 U.S.C. § 2605(e); see also 24 C.F.R. § 3500.21(e).

Here, the district court properly granted summary judgment. Although McCarley's fifteen cases were consolidated, the complaint, amended complaint, and response to the court's order on the RESPA claims raised allegations only against HFC III. HFC III, however, was not the servicer of the loan. And although McCarley alleges that HFC III is essentially the same entity as HSBC Mortgage Services for purposes of RESPA, he offered no authority—and we have found none—assigning liability to parent or subsidiary companies under RESPA.

Moreover, the defendants presented evidence in the form of an affidavit that HFC III was not involved in servicing the loan, only HSBC Mortgage Services serviced the loan, and the loan was not transferred or assigned after the initial transfer in 2000. McCarley has offered no evidence, other than his own conclusory allegations, to rebut this evidence and these statements are insufficient to create a genuine issue of material fact to defeat summary judgment. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). Accordingly, because McCarley failed to make allegations against the company responsible for servicing the loans,

7

there was no RESPA cause of action and the court properly granted summary judgment.

Even if this court liberally construes the complaint to raise allegations against HSBC Mortgage Corporation, the complaint was barred by the three-year statute of limitations. 12 U.S.C. § 2614. The alleged violations of which McCarley complains occurred in 2000 and 2001, but the complaint was not filed until 2006, well outside the three-year limitations period. Additionally, McCarley has not established that equitable tolling should apply. "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. Justice v. United States, 6 F.3d 1474, 1479 (11th Cir.1993). Assuming that equitable tolling is applicable to RESPA claims,[6] McCarley has not proffered any evidence to show the doctrine should apply. Thus, summary judgment was proper on this alternate ground.

---

[6] Notably, there appears to be a circuit split regarding whether equitable tolling applies to RESPA claims. Compare, Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1041 (D.C. Cir. 1986) (holding that RESPA is not subject to equitable tolling), with Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166-1167 (7th Cir. 1997) (applying equitable tolling to RESPA). This circuit has not addressed the issue directly, but acknowledged the potential application of equitable tolling to RESPA actions. See Pedraza v. United Guar. Corp., 313 F.3d 1323 (11th Cir. 2002).

Finally, McCarley's request that we order the initiation of criminal charges is not properly before this court. Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). We also will not address McCarley's request to vacate the state foreclosure action. Not only was that issue previously litigated and resolved in state court and thus barred by res judicata, See I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1549 (11th Cir. 1986), but McCarley has also failed to raise any specific arguments in support of this request and so has abandoned that claim. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order granting summary judgment for the defendants.